Denio, Ch. J.
 

 It would be incompetent, upon the plainest rules of evidence, for the defendant to prove by witnesses what persons who were not themselves examined as witnesses had said as to the description of the horse which was ridden to and from the lake, or as to any other material fact. The law does not regard as sufficiently authentic to influence a jury, any statement which is not made under the sanction of an oath; and, in general, it further requires that
 
 *376
 
 the witness making the statement should be present at the trial, to the end that he may be examined by the adverse party, and that the jury may draw their own conclusions as to his sincerity and accuracy by his appearance and bearing upon the witnesses’ stand. This rule does not, however, embrace the admissions of a party to the action; for, upon equally plain principles, anything which a man- says against himself may be given in evidence by his adversary, as it is not to be supposed that one will make a statement adverse to his own interest unless it is true. But to render a confession of the adverse party admissible as evidence, it must be of some fact material to the issue; for if the circumstance admitted be of such a character that it would have no just bearing upon the case, if otherwise proved, it is not to be received because its existence is established out of the mouth of the party against whom it is offered. Assuming, as we must, that the out-of-door statements of these persons who lived about the lake, as to the size and appearance of this horse, were entirely immaterial and ought not to be repeated to the jury, however clearly proved to have been made, upon what principle is it that they become evidence in consequence of being established by the admission of the plaintiff? The admission only proves that such out-of-door statements were actually
 
 made;
 
 but the statements themselves being worthless and incompetent as instruments of evidence, the manner in which they are brought to the notice of the jury is immaterial. The jurors have no right to be informed of them in any manner.
 

 But it is argued that the fact that the plaintiff had heard such statements from persons having the same opportunities of knowing the truth which his witnesses actually produced and examined had, is evidence that he was prosecuting his suit in bad faith, and that his admissions were properly received for that purpose. This reasoning involves an obvious fallacy The plaintiff had a perfect right to prose cute his action, if his case was a true one. If the charge
 
 *377
 
 which he made against the defendant was false, and he knew it. then undoubtedly he ought to be turned ignominiously out of court. If it was false he should be beaten, whether lie knew it or not. The issue was upon the troth or falsity of the charge. Yet the argument I am examining assumes that the jury should have credited the declarations, and, upon the evidence which they afforded, should have convicted the plaintiff of knowingly maintaining a false suit. This is only another method of avoiding the rule of law which pronounces hearsay to be incompetent to establish a fact in a court of justice.
 

 The judgment of the Supreme Court should be reversed.
 

 Selden, Sxiankland and Bowen, Js., dissented; all the other judges concurring,
 

 Judgment reversed and new trial ordered*