## HUBBARD v. BROWN et al.

(Supreme Court, Appellate Division, Fourth Department. December 9, 1898.)

EVIDENCE—HEARSAY—RES GESTÆ.

The defense of usury in making a loan was sought to be evaded by plaintiff by claiming that he was originally only the negotiator of the loan, and that the alleged usury was accepted by him as his compensation. Plaintiff also claimed that, when the negotiations reached a certain point, his principal refused to make the loan, whereupon he made it him-

self. The principal was not to be found at the time of the trial, and the borrower contended that he was a myth. *Held*, that plaintiff's evidence of conversations with the alleged principal, in the absence of the borrower, in which the principal stated he would make the loan, and at a later time that he had concluded not to do so, though subsequently communicated by plaintiff to the borrower, was inadmissible as hearsay, since no part of the res gestæ.

Appeal from judgment on report of referee.

Action by Elbert G. Hubbard against Frank H. Brown and others. From a judgment entered on the report of a referee, defendants appeal. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, and WARD, JJ.

Clark H. Timmerman, for appellants.
Wallace Thayer, for respondent.

ADAMS, J. This action is brought to foreclose a mortgage of $2,600, covering certain premises located on Tryon Place, in the city of Buffalo, and the principal defense thereto is usury. The case was tried before a referee, who reported in favor of the plaintiff; and this court is now asked to reverse his findings of fact and the conclusions of law founded thereon, upon the ground that the same are clearly against the weight of evidence. This contention upon the part of the learned counsel for the defendants is one which is certainly not without merit; for there is much in the evidence tending to show that the loan secured by the mortgage in suit was tainted with usury, and that the plaintiff was from the very outset the lender, and not, as he claims, the mere negotiator of that loan. It is but fair to state, however, that the evidence upon this issue was somewhat contradictory; and consequently, without determining what weight should be given to the defendants' contention, we pass to the consideration of an exception in the case which, we are persuaded, presents reversible error.

Upon the trial it was claimed by the plaintiff that he was simply a middleman or negotiator of the loan to the defendants; that the party who originally intended to make that loan was a man by the name of Perkins; and that the money which the plaintiff received from the borrower at the time the offer to make the loan was accepted was only by way of compensation or commission for his services. It was further claimed that, when the negotiations had reached a certain point, Perkins refused to make the loan, and that the plaintiff thereupon made it himself, and returned the money which he had received by way of commissions to the defendants, with directions to pay it over to a third party, from whom, there is some evidence tending to show, it ultimately found its way back into the hands of the plaintiff. This man Perkins was not present at the trial, and it was insisted by the defendants that his connection with the transaction was purely mythical, and that, if there was in fact any such person in existence, he never made or intended to make the loan to secure which the mortgage was given. To meet this contention, the plaintiff gave some proof tending to establish the existence and identity of Perkins, although it was conceded that his whereabouts at the time of the trial could not be ascertained;

and then, by way of proof that he was the party who originally intended to make the loan, the plaintiff was permitted, over the defendants' objection and exception, to detail a conversation had between him and Perkins, in the absence of the defendants, in which Perkins assured the plaintiff that he would make the loan, but that in another and later conversation he informed the plaintiff that he had concluded not to do so, which fact he (the plaintiff) subsequently communicated to the defendants. This evidence was no part of the res gestæ, but related simply to a conversation between the plaintiff and a stranger, to which the defendants were in no sense parties. It was consequently merely hearsay, and irrelevant to the issue; and the fact that the substance of the conversation was thereafter communicated to the defendants did not relieve the situation. Steph. Dig. Ev. c. 4, art. 18; Stephens v. Vroman, 16 N. Y. 381. If any such rule of evidence as is here contended for were to be adopted, it would enable a party so disposed to prove almost any fact, by giving evidence of a conversation with a third party in which the existence of the desired fact was asserted, and then claiming that the substance of the conversation had been subsequently repeated to the opposite party. The record presents one or two other rulings of the learned referee which are not entirely free from criticism; but, inasmuch as the one already adverted to is sufficient to require a reversal of the judgment, we do not think it necessary to refer to them with greater particularity.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur; WARD, J., in result only.