MARY REED, as Administratrix of PATRICK REED, Deceased, Respondent, *v.* WILLIAM H. McCORD, Appellant.

1. APPEAL — COURT OF APPEALS PROHIBITED FROM REVIEWING SUF-FICIENCY OF EVIDENCE. The purpose and effect of the present Constitution (Art. 6, § 9) is to prohibit the Court of Appeals from in any case reviewing the question whether there is any, or sufficient, evidence to sustain a decision or undirected verdict, where there was a unanimous affirmance by the Appellate Division.

2. ALLOWANCE OF APPEAL UPON QUESTION OF LAW. The provision of the Constitution (Art. 6, § 9) empowering the Appellate Division to "allow an appeal upon any question of law which, in its opinion, ought to be reviewed by the Court of Appeals," applies only to the allowance of appeals from interlocutory or non-final judgments and orders, and was not intended to nullify or affect the provision which prevents the Court of Appeals from reviewing questions as to the sufficiency of the evidence.

3. ALLOWANCE OF APPEAL UNDER § 191, CODE CIV. PRO. The amendment in 1896 of section 191 of the Code of Civil Procedure, by empowering the Appellate Division to allow an appeal to the Court of Appeals from a unanimous affirmance in an action for a personal injury, on certifying that a question of law is involved which, in its opinion, ought to be reviewed, did not add to the questions which the Court of Appeals may review, and is controlled by the provision of the Constitution which prohibits that court from reviewing the question of the sufficiency of the evidence to sustain a verdict not directed by the court, unanimously affirmed by the Appellate Division.

4. EVIDENCE — PERSONAL INJURY — ADMISSIONS OF DEFENDANT. Statements of facts and circumstances attending the accident, made by the defendant in an action for damages for a personal injury, although not based on his personal knowledge, but stated by him as facts and not as what he had been told, are admissible against him on the trial of the action, as admissions against interest, wherever made — for instance, made at a coroner's inquest upon the plaintiff's intestate.

*Reed* v. *McCord*, 18 App. Div. 381, affirmed.

(Argued June 23, 1899; decided October 3, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 2, 1897, which affirmed a judgment in favor of plaintiff entered upon the verdict of a jury. Subsequently to the entry of the judgment of affirmance, the Appellate Division made the following order: " It is ordered that the defendant have leave to appeal to the Court of Appeals from the judgment of affirmance entered herein on the order of the Appellate Division affirming the judgment entered herein on the second day of February, 1897, and the Appellate Division of the Supreme Court of the second department does hereby certify that in its opinion questions of law are involved in this action which should be reviewed by the Court of Appeals."

The nature of the action, and the facts, so far as material, are stated in the opinion.

*Jesse Johnson* and *Frank V. Johnson* for appellant. The certificate is adequate and sufficient under section 191 of the Code of Civil Procedure to allow this case to be brought before this court on appeal. (*Young* v. *Fox*, 155 N. Y. 615.) The certificate is also sufficient under the provisions of section 9 of the judiciary article of the Constitution to bring before this court the question whether or not there was evidence to sustain the verdict. (Const. N. Y. art. 6, § 9.) The complaint should have been dismissed. There was no question of fact for the jury. (*Losee* v. *Buchanan*, 51 N. Y. 476; *Parrot* v. *Wells*, 15 Wall. 524; *W., etc., R. Co.* v. *Locke*, 112 Ind. 404; *Sjorgen* v. *Hall*, 53 Mich. 274; *Crutchfield* v. *R., etc., R. Co.*, 76 N. C. 322; *Marks* v. *R. Ry. Co.*, 146 N. Y. 181; *Kessler* v. *B. H. R. R. Co.*, 3 App. Div. 426; *Ayers* v. *R. Ry. Co.*, 156 N. Y. 104; *Cleveland* v. *N. J. S. Co.*, 125 N. Y. 299; *Kerrigan* v. *Hart*, 40 Hun, 389; *Scott* v. *Sheppard*, 2 Smith's L. C. [8th ed.] 800.) The judgment should be reversed for error in admitting in evidence the statement of defendant McCord, made at the coroner's inquest, it appearing that the defendant was not present at the time of the accident, and that his statement was simply a surmise or

opinion, founded on hearsay. (*Stephens* v. *Vroman*, 16 N. Y. 381; *Pellet* v. *Ferrers*, 2 B. & P. 542; *Whalen* v. *S. G. L. Co.*, 32 N. Y. S. R. 48; Code Crim. Pro. §§ 773–777; *People* v. *Collins*, 20 How. Pr. 111; *Crisfield* v. *Perine*, 15 Hun, 200; *Erben* v. *Lorillard*, 19 N. Y. 299; *Church* v. *Howard*, 79 N. Y. 415.)

*John C. Robinson* for respondent. Evidence of the falling of a great mass of iron from a height of seven stories into a much-frequented public street was alone *prima facie* proof of defendant's negligence or failure to exercise the care required of him under the circumstances. (*Hogan* v. *M. Ry. Co.*, 149 N. Y. 23; *Robinson* v. *N. Y. C. R. R. Co.*, 20 Blatch. 338; *Mullen* v. *St. John*, 57 N. Y. 567; *Scott* v. *L. D. Co.*, 3 H. & C. 596; *Byrne* v. *Boadle*, 2 H. & C. 721; *Lowery* v. *M. Ry. Co.*, 99 N. Y. 158; *Kearney* v. *L., etc., Co.*, L. R. [6 Q. B.] 759; *Reilly* v. *A. I. C. Co.*, 83 Hun, 196.) The admissions of fact made by the defendant on the coroner's inquest were competent evidence against him. (*Cook* v. *Barr*, 44 N. Y. 156; *Chapman* v. *C., etc., R. R. Co.*, 26 Wis. 295; *Shaddock* v. *Town of Clinton*, 22 Wis. 114; *Pope* v. *Allis*, 115 U. S. 363; *C. & N. R. R. Co.* v. *Ohle*, 117 U. S. 123; *Stephens* v. *Vroman*, 16 N. Y. 384.)

MARTIN, J. This action was to recover damages for personal injuries to the plaintiff's intestate which occasioned his death and was based upon the alleged negligence of the defendant. The plaintiff had a verdict which was not directed by the court. From the judgment entered thereon an appeal was taken to the Appellate Division where it was unanimously affirmed, as appears by the order of affirmance contained in the record. The Appellate Division subsequently made an order granting the defendant leave to appeal to the Court of Appeals, and certified that in its opinion questions of law were involved which should be reviewed by that court. No definite questions of law were, however, stated or certified.

Only two questions relating to the merits of the contro-

versy are presented by the appellant. The first is whether the evidence was sufficient to justify the submission to the jury of the question of the defendant's negligence. The second arises upon an exception to the admission in evidence of a statement made by the defendant at a coroner's inquest as to the cause of the accident which is the basis of the plaintiff's action.

As to the first a preliminary question arises as to the jurisdiction of this court, which is whether, under the Constitution as amended in 1894, it has any jurisdiction to review the question as to the sufficiency of the evidence to sustain the verdict. The provisions of the Constitution relating to this subject are as follows : " After the last day of December, one thousand eight hundred and ninety-five, the jurisdiction of the Court of Appeals, except where the judgment is of death, shall be limited to the review of questions of law. No unanimous decision of the Appellate Division of the Supreme Court that there is evidence supporting or tending to sustain a finding of fact or a verdict not directed by the court, shall be reviewed by the Court of Appeals. Except where the judgment is of death, appeals may be taken, as of right, to said court only from judgments or orders entered upon decisions of the Appellate Division of the Supreme Court, finally determining actions or special proceedings, and from orders granting new trials on exceptions, where the appellants stipulate that upon affirmance judgment absolute shall be rendered against them. The Appellate Division in any department may, however, allow an appeal upon any question of law which, in its opinion, ought to be reviewed by the Court of Appeals. The legislature may further restrict the jurisdiction of the Court of Appeals and the right of appeal thereto, but the right to appeal shall not depend upon the amount involved." (N. Y. Const. art. 6, § 9.)

It is to be observed that we have the mandate of the Constitution to the effect that no unanimous decision of the Appellate Division that there is evidence supporting or tending to sustain a finding of fact or a verdict not directed, shall be

reviewed by the Court of Appeals, and that appeals may be taken, as of right, to this court only from judgments or orders entered upon decisions of the Appellate Division, finally determining actions or special proceedings, and from orders granting new trials on exceptions where the proper stipulation is given. This provision of the Constitution has been several times considered by this court.

In *Szuchy* v. *Hillside Coal & Iron Co.* (150 N. Y. 219) it was held that if the trial court erred in deciding that the evidence was sufficient to require the submission of the case to the jury and the Appellate Division unanimously affirmed that decision, still, the Court of Appeals was without jurisdiction to review it. It was also held that, even where the refusal of the court to grant a nonsuit presented a question of law, it was not subject to review by this court, and that the provisions of the Constitution applied as well where there was an entire absence of proof so that a question of law was presented, as where the verdict was against the weight of evidence, and a question of fact was to be examined.

In *Amherst College* v. *Ritch* (151 N. Y. 282) the *Szuchy* case was cited and approved, and it was there said: "Where the affirmance is by an Appellate Division and is unanimous, we have no power to examine the record even to see if there is any evidence to sustain the verdict."

In *People ex rel. Man. Ry. Co.* v. *Barker* (152 N. Y. 432) the history, nature and purpose of the foregoing provisions of the Constitution were considered by this court. In that case we reached the conclusion that its purpose was to relieve the overburdened calendar of the Court of Appeals by restricting the labors of that court to its proper functions of settling the law, and excluding from its consideration the questions whether a fact, or a cause of action, or a defense is sufficiently established, after it has been passed upon by the trial court and unanimously affirmed by the Appellate Division. We think this is the effect of that provision of the Constitution, whether the question involved be a question of law, a question of fact, or a mixed question of law and fact.

In *Marden* v. *Dorthy*, decided at this term (160 N. Y. 39), this question arose, and O'BRIEN, J., said : " Since the adoption of the present Constitution the question whether a finding of fact, or a verdict upon issues of fact, is sustained by evidence, though in its very nature one of law, is not reviewable here, when the court below has decided unanimously that the judgment should be sustained. This one question of law has, therefore, in such cases, been withdrawn from the cognizance of this court, as well as all questions of fact."

The constitutional convention clearly entertained the opinion that the continued existence of the Court of Appeals was justified only by the necessity that some tribunal should exist with supreme power to authoritatively declare and settle the law uniformly throughout the state. That court was continued, not that individual suitors might secure their rights, but that the law should be uniformly settled, to the end that the people might understand the principles which regulated their dealings and conduct and thus, if possible, avoid litigation. It was that necessity alone which induced the adoption of the provisions for a second appeal, and the continuance of a single court to finally determine such principles. Hence, in construing this provision of the amended Constitution, the purpose of the amendment as indicated by the proceedings of the convention, as well as the condition of the calendar of the Court of Appeals at that time, should be borne in mind. In this way we may better understand the purpose and meaning of the language employed. The necessity for a court to thus settle the law for the entire state existed, and, therefore, such a court must be organized or the existing one continued. Moreover, the calendar of the Court of Appeals was then overloaded with work, much of which was unnecessary to settle the law. With those conditions confronting it, the convention determined to continue this court, but to limit the questions it should be permitted to review to those that were necessary to a uniform determination of the law. It was by thus limiting the jurisdiction of this court that it sought to reduce the volume of its business and still

confer upon it jurisdiction to decide such questions. Mani-
festly, the question of the insufficiency or of the absence of
evidence to sustain a finding or decision in any particular case
would not aid in settling the general law of the state, and for
that reason those questions were excluded from its jurisdiction.
That this was the purpose of the constitutional convention is
rendered apparent by an examination of the statement of the
judiciary committee which accompanied its report of the judi-
ciary article to the convention and from the record of its pro-
ceedings. Among other statements of that committee it was
in substance said, that the clause in the Constitution preclud-
ing the review of an unanimous decision of the Appellate Divis-
ion as to the sufficiency of the evidence to sustain a finding
or verdict, closed the door through which, under the Code, the
whole question of fact, in many cases, was brought before
the Court of Appeals; that it did not affect cases of nonsuit,
or verdict directed, or reversal by the Appellate Division, or
cases where there was a dissent in that court, but that it did
require that when a trial court or jury has decided that a
fact is proved and five judges in the Appellate Division have
unanimously held that it was proved, controversy about that
fact will end, and that any question of law mixed with that of
fact, shall be separately raised and presented in order to be
reviewed by this court. It is evident that the primary and
principal purpose of the provisions of the section under con-
sideration was to relieve the Court of Appeals by limiting the
right of appeal to, and the questions which may be reviewed
by, that court. This was done by first limiting its jurisdiction
to questions of law only, and second by preventing a review
in this court of the question of the sufficiency of the evidence to
support a verdict or a finding, whether it presented a question of
fact or a question of law. If the contention is to be sustained
that where there is no evidence to uphold a verdict or finding
a question of law is presented which this court must review,
then the portion of the section forbidding a review as to the
sufficiency of the evidence is meaningless, and this court must,
in every case, examine the whole evidence to ascertain if such

a question is presented. We think that provision of the Constitution is susceptible of no such construction, but that, as this court has already held, it is to be treated as applicable where the question of the sufficiency of the evidence arises, whether it shall be a question of fact or a question of law. Hence, our conclusion is that the purpose and effect of the Constitution is to prohibit this court from in any case reviewing the question whether there is any, or sufficient, evidence to sustain a decision or undirected verdict, where there was a unanimous affirmance by the Appellate Division.

But it is claimed that the same section confers upon the Appellate Division power to allow an appeal upon any question of law which, in its opinion, ought to be reviewed by the Court of Appeals, and as there was such an allowance in this case, that we are required to examine the evidence and determine whether it was sufficient to justify the recovery. If this provision requires or would justify that construction, it becomes obvious that the constitutional convention made but little advance in the direction of limiting appeals to this court or in limiting the questions to be examined by it, but has at most delegated its power in that respect to the Appellate Division instead.

Do the provisions of the Constitution require any such construction? We think not. This section first limits the jurisdiction of the court to the determination of questions of law only, and then in absolute and unequivocal terms forbids a review of the question of the sufficiency of the evidence to sustain the determination of the court below, where its decision is unanimous. Then it declares that appeals may be taken, as of right, only from judgments or orders of the Appellate Division finally determining actions or special proceedings, and from orders granting new trials, where a stipulation for judgment absolute is given. Immediately following this last provision, authority is given to the Appellate Division to allow appeals upon questions of law. We think the purpose of this provision was to permit the Appellate Division to allow appeals in such cases as fall within the limitations contained in the preceding sentence. If the determination of

43

the Appellate Division is not final, and, therefore, cannot be reviewed by this court as of right, still, under that provision the Appellate Division may allow an appeal if a question of law is involved. This may be illustrated by an interlocutory judgment entered upon the decision of a demurrer where, although the determination is not final, still it may involve a question of law which will be decisive of the whole controversy, and thus its determination by the court of last resort would practically end the case. The same conditions may exist in other cases where interlocutory judgments have been unanimously affirmed by the Appellate Division. We think the provision which authorizes the allowance of appeals by the Appellate Division was not intended to nullify or affect the provision which absolutely prevents this court from reviewing any question as to the sufficiency of the evidence. In this section we have, first, words which are clearly expressive of the particular intent that when the decision of the court below is unanimous the sufficiency of the evidence to sustain the decision shall not be reviewed by the Court of Appeals. This is followed by a general provision that the Appellate Division may allow an appeal upon questions of law which in its opinion ought to be reviewed by this court. So far as the general provision is incompatible with the particular or special one, the latter should be construed as an exception to the general one and be given full effect, and the general provision should be held to operate in all cases except those embraced in the particular one. (Sutherland on Statutory Construction, § 216, *et seq.*) This construction gives effect to every portion of the section, is consistent with the avowed purpose of its framers, and will render effectual the intended limitation to the right of appeal to this court and relieve it from examining the whole evidence to determine its sufficiency.

The appellant contends that the principle of the decision of this court in *Young* v. *Fox* (155 N. Y. 615) justifies this appeal, and authorized its allowance by the Appellate Division. In that he is clearly right. But the question which confronts us here is not whether the appeal was properly taken, but is

whether upon hearing it we have jurisdiction to examine the evidence and determine if it was sufficient to justify the submission to the jury of the question upon which the action was based, or to sustain the verdict against him. That this appeal brings before us for determination every question of law that arose upon the trial which we are not by the Constitution forbidden to review, we have no doubt. But the difficulty is that by that instrument we are absolutely denied jurisdiction to review the question of the sufficiency of the evidence, and an allowance of the appeal by the Appellate Division does not confer upon this court jurisdiction to examine and determine that question. Manifestly the purpose of the provision, as to the allowance of appeals, was not to nullify or modify a provision which was considered so important and which was the foundation of the amendment that was adopted to relieve this court. That provision was intended to apply only to the cases mentioned in the preceding sentence where judgments or orders were interlocutory or not final.

If it be said that by the amendment of section 191 of the Code of Civil Procedure, passed in 1896, power was conferred upon the Appellate Division to allow an appeal to this court in an action for personal injuries, the answer is twofold : *First*, the purpose of that amendment was not to enlarge the right of appeal in the class of cases mentioned, but to further restrict it by providing that no appeal should be taken to the Court of Appeals, where the decision of the Appellate Division was unanimous, unless that court or a judge of the Court of Appeals should certify that in its or his opinion a question of law was involved which ought to be reviewed. Obviously that amendment did not extend the right of appeal, or add to the questions which this court may review. Before it was passed such an appeal could be taken as of right when all the questions of law arising in the case, except those that were forbidden by the Constitution, could be reviewed. But since the amendment, no appeal whatever can be taken, except upon the certificate of such court or judge. The right given by that statute to the Appellate Division to allow an appeal in

no way enlarged, nor was it intended to change or increase, the power of this court as to the questions that might be considered by it upon a hearing of the appeal.

*Second*, if the legislature had an opposite intent and such was the effect of the statute, it would to that extent be void as in contravention of the provision of the Constitution which prevents this court from reviewing the question of the sufficiency of the evidence where the decision of the Appellate Division is unanimous. We are of the opinion that under no aspect of this case can it be held that this court has authority to review the sufficiency of the evidence to sustain the verdict, without disregarding the letter and spirit of the Constitution and the manifest purpose of its framers. That we cannot do. It follows that this court has no authority to examine the first question presented, and that its determination by the unanimous decision of the court below must be treated as final.

The only remaining question is whether the statements of the defendant of the circumstances and cause of the accident to the plaintiff's intestate made while a witness before the coroner were competent and properly received. The defendant was called and sworn as a witness and gave evidence as to the accident. Upon the trial of this action the official stenographer for the board of coroners was called and permitted, under the defendant's objection and exception, to testify that upon the hearing before the coroner the defendant gave evidence to the effect that all machines of the make of the one in use when the decedent was killed were alike; that at the time of the injury the dog of the machine was not in position, which caused the accident; and that "the man who had charge of it supposed the dog was in position, and he released his hold on the thing and it commenced to revolve, and then he got down so as to put his foot on it, and it was going so rapidly that it slipped past." It was admitted that the defendant was not present when the accident occurred, and, hence, it is obvious that his statement before the coroner was not based upon his personal knowledge, but upon what he had learned as to the situation and how the accident occurred.

The contention of the appellant is that as his admissions were not based upon his personal knowledge, proof of them should have been excluded, and that his exception to their admission was well taken. The defendant being a party to this action, his admissions against his own interest were evidence in favor of his adversary, if of a fact material to the issue. If he had merely admitted that he heard that the accident occurred in the manner stated, it would have been inadmissible as then it would only have amounted to an admission that he had heard the statement which he repeated and not to an admission of the facts included in it. That would have been in no sense an admission of any fact pertinent to the issue, but a mere admission of what he had heard without adoption or indorsement. Such evidence is clearly inadmissible. (*Stephens* v. *Vroman*, 16 N. Y. 381.) But the admissions proved in this case were not of that character. They were plain admissions of facts and circumstances which attended the intestate's injury. In a civil action the admissions by a party of any fact material to the issue are always competent evidence against him, wherever, whenever or to whomsoever made. (*Cook* v. *Barr*, 44 N. Y. 156; *Whiton* v. *Snyder*, 88 N. Y. 306; *Eisenlord* v. *Clum*, 126 N. Y. 559; *Hutchins* v. *Van Vechten*, 140 N. Y. 118; *Owen* v. *Cawley*, 36 N. Y. 600.)

The theory upon which this class of evidence is held to be competent is that it is highly improbable that a party will admit or state anything against himself or against his own interest unless it is true. As the admissions testified to by the stenographer were of facts and circumstances which were material to the issue in this action, they were clearly competent, although not conclusive evidence of the facts admitted.

We find no error in the admission of this evidence and as no other questions are raised that we have jurisdiction to review, our conclusion is that the judgment should be affirmed.

The judgment should be affirmed, with costs.

All concur, except PARKER, Ch. J., not voting, and O'BRIEN, J., dissenting.

Judgment affirmed.