(53 Misc. Rep. 612)

## THEOPHINE v. VLACHOS.

(Supreme Court, Appellate Term. April 10, 1907.)

EVIDENCE—ADMISSIONS AGAINST INTEREST—ADMISSIBILITY.

In an action on a note by the payee against the maker, proof of admissions by the payee, after the maturity of the note, in support of the defense that it was given in payment of a machine sold to the maker under a contract entitling him, on the happening of a certain event, to a repayment of the consideration paid for the machine, was material.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 786, 787, 791.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Peter Theophine against Constantine G. Vlachos. From a judgment for plaintiff, entered in the Municipal Court, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

Goldsmith & Rosenthal, for appellant.
M. Angelo Elias, for respondent.

ERLANGER, J. This is an action on a note for $200. The answer admits its due execution and delivery, but as an affirmative defense thereto charges:

"That plaintiff payee sold to defendant a certain machine, for which the note was given as part payment. That at the time of the sale of the machine and the giving of the note it was agreed, if any suit was threatened, against defendant for any infringement of any patent rights, or in the event of any claim being made by any person against the defendant for any damages for royalty for the use of said machine, that then and in either event the plaintiff would return to the defendant the consideration paid upon the purchase of said machine, and the defendant was then authorized to return the machine to the plaintiff. That in pursuance to said agreement the note was executed. That prior to the maturity of the note the defendant received notice that the said machine sold to defendant by plaintiff was an infringement upon a patent issued to a person other than the manufacturer of said machine, that the use of said machine was forbidden, and that if the defendant continued to use said machine he would be compelled to account in an action brought against him for that purpose, and also for the purpose of perpetually enjoining the use thereof. That thereupon, and before the maturity of said note, the defendant tendered the machine to the plaintiff and demanded the return of his note, which tender and demand was refused. That the defendant has since been ready and willing to return the machine."

A counterclaim upon the same lines was also set up in the answer, and judgment demanded for $50. The court heard the proofs of the parties and directed a verdict in favor of the plaintiff, upon which verdict judgment was rendered for $228.70, damages and costs. The defendant appeals, and assigns various errors deemed by him sufficient to reverse the judgment.

During the course of the trial the defendant sought to prove by a witness certain admissions made by the plaintiff with regard to the machine and the terms of sale. The offer was excluded, upon the ground that the admissions sought to be elicited from the witness

were made after the maturity of the note. The evidence excluded was material and bore directly on the issue tendered by the defendant. The mere fact that the alleged admission was made after the maturity of the note did not make the evidence incompetent. "In a civil action the admissions by a party of any fact material to the issue are always competent evidence against him, wherever, whenever, or to whomsoever made." Reed v. McCord, 160 N. Y. 341, 54 N. E. 737, and many cases cited. The offer of proof made by defendant with regard to the evidence sought to be elicited from the witness was stricken from the record, and the repeated efforts of his counsel to prove the admissions were frustrated by objections on the part of the plaintiff, all of which were sustained by the court. The exception presents reversible error.

Again, the letters written to the Racine Company and the answer received were competent, as bearing directly upon the issue tendered by defendant, and their exclusion was error.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.