(114 So. 277)

**DRUMMONDS v. DONAHOO.  (6 Div. 174.)**

Court of Appeals of Alabama.  Nov. 1, 1927.

J. P. Mudd and L. D. Gardner, Jr., both of Birmingham, for appellant.

Hugo L. Black, of Birmingham, for appellee.

SAMFORD, J. It is argued in brief that the complaint is defective, in that it fails to allege that the mule claimed to have been injured was the property of plaintiff. No ground of demurrer pointing out this defect appears, in the absence of which we hold that the expression in the complaint, "That he did cause said automobile truck to run over, etc., against the mule of plaintiff," sufficiently alleges ownership, as against a general demurrer or a motion in arrest of judgment.

The more serious question arises over the admission of the testimony of the witness Linton, without which there is no testimony tending to connect this defendant with the accident which resulted in the killing of plaintiff's mule.

The agent of plaintiff, who was riding the mule along the highway at the time it was struck, is very vague in his details of how the accident occurred. He does not in his testimony identify the truck as being that of defendant, nor give such description of the truck or driver so that either may be identified. The only evidence which might be said to connect this defendant with the accident is the testimony of the witness Linton, who describes himself as being the bookkeeper of plaintiff. The party riding the mule had testified that the mule was struck by a "Mack" truck and to identify the truck as being that of defendant. Linton testified as follows:

"I went out to see Mr. S. J. Drummond about the mule after it was hurt, and talked to him about it. (Whereupon witness was asked the following question:)

"Q. Did he say whether or not this was his truck? (Defendant objected to the question on the ground that it called for hearsay evidence. The court overruled the objection. Defendant excepted to the ruling of the court.) A. He said it was his truck; yes, sir."

Witness testified further as follows:

"I saw the truck, and it was a Mack truck, and the truck was in Ensley when I saw it, out on a construction job, and I saw Mr. Drummond in Ensley in a shoe store. How I happened to go out on this construction work where this truck was, was because I just traced up the truck, and found it, and then the driver told me where I could find Mr. Drummond, and I went and found Mr. Drummond, and he said that it was his truck. Mr. Drummond did not tell me who was driving the truck at the time of this accident; the driver himself told me his name. I have not seen that driver here this morning. The driver of the truck was not with me when I went to see Mr. Drummond. I found this truck out on the construction job, and I went from there and talked to Mr. Drummond about it, and he said that it was his truck. When I saw Mr. Drummond he told me that his driver had told him he hit a mule."

Defendant thereupon moved to exclude all the testimony of the witness in regard to said truck on the ground that it was hearsay evidence. Witness testified further as follows:

"Mr. Drummond was not present at the time of the accident to this mule, and neither was he present on the construction job when I found this truck. He was not present at the time of the accident. Mr. Drummond told me that he had a report from his driver that he had struck a mule."

■ There is nothing to show that defendant knew anything about any accident except such as had been told him by the driver of one of his "Mack" trucks. Was this testimony admissible as an admission against interest? We take it that such is the case, for, while the admission of Drummond is based upon a report of his driver that the truck had hit a mule, the statement of Drummond, as testified to by Linton, is unequivocal that "it was his truck." Reed v. McCord, 160 N. Y. 330, 54 N. E. 737; 22 Corpus Juris, 297 (324).

■■ Under the scintilla rule as it exists in this state the court did not commit error in refusing the general charge as to each count of the complaint, but there is no such evidence in this record as will permit a judgment to stand against this defendant in excess of the actual damages sustained by the plaintiff, and for that reason the trial court should have granted the motion for new trial on that ground, or have reduced the amount of the judgment to the amount of actual damages proven, which were the value of the mule, to wit, $260.

If the appellee will within 30 days from this date enter a remitter of damages in excess of $260 and interest at 8 per cent. from the date of the accident to the date of this judgment, then this judgment will stand affirmed without the 10 per cent. penalty; otherwise, the judgment is reversed, and the cause is remanded.

Affirmed conditionally.