MARIE BODE, Respondent, v. DIME SAVINGS BANK OF WILLIAMSBURGH and RIDGEWOOD SAVINGS BANK, Respondents, and ALFRED J. KENNEDY, as Public Administrator of Queens County and as Administrator, etc., of LENA KOHLER, Also Known as LINA KOHLER, Deceased, Appellant.— In an action to recover the proceeds of two savings bank accounts in the name of Lena Kohler, deceased, which plaintiff claimed belonged to her by reason of a gift *causa mortis* of the bank books, judgment for plaintiff affirmed, without costs. No opinion. Hagarty, Johnston and Taylor, JJ., concur; Lazansky, P. J., and Close, J., dissent and vote for reversal and a new trial upon the ground that the finding of a gift *causa mortis* is against the weight of evidence. The clerk at the hospital testified that the plaintiff brought to the hospital office the two bank books in question and $39.00 in cash and made a statement to the effect that Mrs. Kohler, the decedent, wanted to leave the two bank books and the cash there for safekeeping. The clerk gave the plaintiff a receipt reading as follows:

' Received from Mrs. Kohler

Thirty Nine and $\dfrac{\text{no}}{100}$ Dollars

2 Bank books — 1 from Ridgewood
Savings Bank — other from Dime
Savings Bank of Williamsburg.
$39          A.D'ANNA.
Also Receipt (Hospital Board, etc.) "

and at the time of handing her the receipt the clerk told the plaintiff to tell Mrs. Kohler, the decedent, to return the receipt at any time that she wanted the bank books or the cash. This testimony was uncontradicted. We have here, then, a writing executed by a disinterested witness at a time when there was no thought of a claim that is directly contradictory to the claim now advanced by the plaintiff through the alleged disinterested witness. " I would sooner trust the smallest slip of paper for truth, than the strongest and most retentive memory, ever bestowed on mortal man." (Lumpkin, J., in *Miller* v. *Cotien*, 5 Ga. 341, 349.) It is highly improbable that, if there had been a gift of the bank books to the plaintiff at the time she now claims such a gift was made, she would have made the statement testified to by the hospital clerk or would have accepted the receipt tendered her by the hospital clerk. The fact that she did so negatives the idea of a gift. (*Reed* v. *McCord*, 160 N. Y. 330.)