In the Matter of the Claim of REGINA AARON, Respondent, against BURNHAM & Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, July 9, 1956.

*Warner Bouck* and *F. Walter Bliss* for appellants.

*Phillips & Kalb* for claimant-respondent.

*Jacob K. Javits, Attorney-General* (*Gilbert M. Landy* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

HALPERN, J. The question upon this appeal is whether the declarations of the decedent, admitted under section 118 of the Workmen's Compensation Law, were corroborated by "circumstances or other evidence" as required by that section. Decedent was an arbitrageur, in the employ of the appellant stock brokerage company in New York City. His work required him to communicate by telephone and teletypewriter with stock exchanges in various cities. He worked at a large desk upon which there was a monitor switchboard; to his left there was

a metal table upon which there rested a teletype machine weighing between 100 and 150 pounds. According to the history which he subsequently gave to his physician, the decedent rose from his desk about 3:00 P.M. on July 2, 1952 and pushed away the table on which the teletype machine rested; as he did so, he felt a pain in his chest. He left the office early that day; the pain became more severe while he was on the train on his way home and that night he was taken to the hospital by ambulance. The doctor made no inquiry about the circumstances of the attack until July 9, 1952, the decedent having been too ill for questioning prior to that date. He then gave the physician the history summarized above. He died on July 16, 1952 of an '' acute myocardial infarction ''. Significantly, the history given by the decedent's wife and daughter at the hospital upon the decedent's admission on July 2, did not mention the moving of a teletype machine or any other strenuous activity.

One of the partners in the brokerage firm and the firm's cashier both testified with respect to the physical layout and the location and weight of the teletype machine but neither they nor any other witnesses testified that the machine had been moved on the day of the decedent's heart attack or that it had been found in any position other than its normal one after the decedent left that day. Neither was there any testimony that it was customary for the decedent to move the machine or, indeed, that he had ever moved it. Decedent apparently had made no complaint to anyone at the office at the time of the alleged occurrence.

We are unable to find in this record any corroboration of the decedent's declaration to the physician that he had moved the teletypewriter table and had felt a pain in his chest at that time. It is suggested that the decedent's apparent good health prior to July 2 may itself furnish an element of corroboration but the autopsy showed that the decedent had a pre-existing heart condition and had suffered two prior attacks which had left myocardial scars. The nature of the injury cannot be regarded as corroborative evidence of the occurrence of an accident since it is undisputed that a heart attack may occur, particularly in the case of a person suffering from a pre-existing heart ailment, without any physical strain. This case is distinguishable in these respects from *Matter of Filleul* v. *Manufacturers Trust Co.* (2 A D 2d 784).

The Attorney-General relies upon alleged admissions in the employer's report of accident but this type of corroboration, so frequently invoked by the Attorney-General and tenuous at best, is wholly absent in this case. The employer was very careful in

preparing the report not to make any admissions. The report stated in response to the inquiries as to the place of the accident and the nature of the injury that the employee " *claims* " that an accident occurred at the office and that he " *claims* working at desk & moved a teletype machine ", and " *claims* heart attack " (emphasis supplied). The employer thus reported only what it had heard from others, after the decedent had told his story; it deliberately refrained from adopting or indorsing his version of the occurrence. No admission of the truthfulness of the decedent's declaration can be inferred from such a report. It only " amounted to an admission that he had heard the statement which he repeated and not to an admission of the facts included in it " (*Reed* v. *McCord,* 160 N. Y. 330, 341; *Cox* v. *State of New York,* 282 App. Div. 815).

The decision and award should be reversed, and the case remitted to the Workmen's Compensation Board for further proceedings, with costs to appellants against the board.

FOSTER, P. J., BERGAN, COON and GIBSON, JJ., concur.

Decision and award reversed and the case remitted to the Workmen's Compensation Board for further proceedings, with costs to the appellants against the board.