Dye, J.
These appeals as of right are from two judgments of the Court of Claims, entered on an order of the Appellate Division, Third Department, unanimously reversing, on the law, two judgments in favor of claimants and dismissing the respective claims.
The respective claims are for damages and incidental care and treatment which Mary McGrath, an incompetent person, required as a result of personal injuries which she suffered while an inmate in the Hudson River State Hospital. Allegedly, on or about November 19,1949, she was pushed or assaulted by *696 another inmate, causing her to fall and break her right hip. In the Court of Claims the claimant sought to impose liability upon the State for its alleged negligent failure to provide adequate supervision.
The claims have been twice tried. At the first trial the Court of Claims made an award of damages to each claimant which, on appeal, was unanimously reversed on the law and a new trial granted; The crucial question then turned — as it does now — on the admissibility into evidence of certain entries in the hospital records purporting to show how the incompetent was injured. Concededly, unless such statements are admitted, there is no proof to establish the manner of the happening, as the event was otherwise unwitnessed. The trial court admitted such proof over objection, on the theory that the challenged entry was made in the regular course of business (Civ. Prac. Act, § 374-a) and, as such, constituted an admission by the State against its interest. In reversing, the lower court rejected the trial court’s reasoning on authority of Reed v. McCord (160 N. Y. 330).
In order to make clear the respective rulings made at the second trial, it becomes necessary to refer to the evidence challenged on the first trial. That evidence is found in the hospital records on a sheet of paper entitled ‘‘ Accident, Injury report ’ ’. It reads as follows: ‘1 Patient Helen Lantz stated that patient McGrath has come into her room on various occasions and pulled the bedding and dresser drawers to pieces, so that when she came in this time (Nov. 19th) she told patient McGrath to get out and gave her a little push on the arm, and patient fell to the floor.”
In ruling that such evidence could not be admitted as an exception to the hearsay rule or as an admission against interest or for any other reason, the Appellate Division observed that the notation on the record constituted — at most — “ an admission that the patient [Lantz] had made the statement attributed to her but they do not constitute an admission by the State of the factual correctness of the contents of the patient’s statement ”.
At the second trial no additional proof was taken, the claims having been submitted on the previous record. Being faced with the ruling as to the admissibility of the statement above *697 quoted, the Trial Judge nonetheless found that the State’s liability had been established and gave judgments in favor of the claimant but in a reduced amount. In so doing, he pointed to another entry in the hospital records which he considered amounted to an admission. It is short and, for convenience, I quote:
“ CLINICAL NOTES Date: November 18, 1949 3:10 P.M.
Pt. LANTZ pushed pt. M. McGRATH to the floor striking right side. Placed in bed, notified Dr. SCHWARTZ and seen by Dr. SCHWARTZ and Dr. BOSTIKA (sig) B.L.D.”
This entry was made by a staff attendant assigned to Ward 6. Such proof, it should be noted, is substantially the same as that relied on at the first trial. The only difference is the absence in the presently challenged evidence of the words: ‘1 Patient Helen Lantz stated that Patient McGrath etc. ’ ’ Appellant contends that without such an introductory statement, the evidence is competent as an admission against interest under the rules laid down by this court in Reed v. McCord (supra).
Reed v. McCord involved an action for death caused by negligence. At the trial evidence was introduced that the defendant, who was eoncededly not present when the accident occurred, stated at the coroner’s inquest that at the time of the injury the dog of the machine which caused the accident was not in position. While such testimony was patently hearsay, we nonetheless accorded it competency on the theory that ‘‘ The defendant being a party to this action, his admissions against his own interest were evidence in favor of his adversary, if of a fact material to the issue ” (p. 341). We pointed out, however, that “If he had merely admitted that he heard that the accident occurred in the manner stated, it would have been inadmissible as then it would only have amounted to an admission that he had heard the statement which he repeated and not to an admission of the facts included in it. That would have been in no sense an admission of any fact pertinent to the issue, but a mere admission of what he had heard without adoption or indorsement. Such evidence is clearly inadmissible. (Stephens v. Vroman, 16 N. Y. 381.)”
*698 Thus, when it comes to an admission against interest, we have a clear-cut ruling drawing a distinction between what a defendant says caused the accident and what was said to him by others as to the cause. In the one situation, he testifies from his personal knowledge concerning the disputed facts, while in the other he merely attests what someone said was the fact. So it is here. The entry relied on to establish the happening was made upon hearsay and not upon personal knowledge. The entry in the clinical notes adds nothing to the information already contained in the accident report. It was obviously obtained from the same source, namely, patient Helen Lantz. The absence from the latter’s statement of the words: 1 ‘ Patient Helen Lantz stated ’ ’ is without significance and cannot reasonably be seized upon as a basis for conferring competence to what otherwise is pure hearsay. No member of the hospital staff had authority to bind the State by admissions based on hearsay and, by the same token, the alleged conversation between McGrath and Dr. Schwartz does not change the picture. So viewed, there is an absence of competent evidence to sustain a finding that the incompetent was injured as the result of an assault, which the hospital authorities could have prevented had they provided adequate supervision. As the Appellate Division quite properly pointed out: “ Without proof of an assault there is no basis for a holding that the incompetent did not receive adequate care and treatment ”.
Furthermore, the rule that admissions against interest of a party, though based on hearsay, are proper evidence cannot be carried over from Reed v. McCord (supra) to the case at bar without dealing a fatal blow to the reasoning justifying that rule. As we there pointed out (p. 341): “ The theory upon which this class of evidence is held to be competent is that it is highly improbable that a party will admit or state anything against himself or against his own interest unless it is true.” Unless the defendant is satisfied that the admitted facts are true, it is unlikely that he would make such an admission. This reasoning is obviously inapplicable where, as here, the so-called admission is not made by a party but merely by its employee who has no interest in the outcome of the litigation and thus has no incentive to carefully check the correctness of the statements he makes. The fact that the employees were required to keep records provides no reason for treating such records based solely on hearsay as an admission against interest binding the *699 State. There must be an identity of interest without which the rule of Reed v. McCord is inapplicable.
Appellant’s further contention that the record entries were admissible as records made in the regular course of business under section 374-a of the Civil Practice Act, is likewise without merit. While it is true that records otherwise admissible under section 374-a do not become inadmissible merely because the entrant does not have personal knowledge of the matter recorded by him, nevertheless, the report, to be admissible, must be made on information 11 imparted by persons who were under a duty to impart such information ” (Johnson v. Lutz, 253 N. Y. 124, 128). Section 374-a “ was not intended to permit the receipt in evidence of entries based upon voluntary hearsay statements made by third parties not engaged in the business or under any duty in relation thereto ” (ibid). Consequently, the hearsay narration in the record entry of the accident causing the injury is not admissible under section 374-a (Williams v. Alexander, 309 N. Y. 283).
The judgments appealed from should be affirmed, with costs.