■ ANNA ROTHENBERG, Respondent, v. ADOLF ROTHENBERG, Appellant.— Order granting temporary alimony and counsel fees unanimously reversed on the facts, and in the exercise of discretion, with $20 costs and disbursements to the appellant, and the motion denied, with $10 costs. Although temporary alimony may be allowed in exceptional circumstances where the parties occupy the same domicile, as for example, where they own a home as tenants by the entirety and a showing of necessity for the wife remaining in the domicile is made (*Brous* v. *Brous*, 283 App. Div. 1050), the general rule followed in this Department is that a judgment of separation will not be granted where it is shown the parties continue to live in the same premises (*Berman* v. *Berman*, 277 App. Div. 560). In this separation action based on cruelty and nonsupport, plaintiff continues to live in the same apartment with defendant. She does not demonstrate the necessity for so doing. Concur — Breitel, J. P., Rabin, Valente, Stevens and Bergan, JJ.

■ BELLE GEMINDER, Respondent, v. SABINE ZAUDERER, Appellant, et al., Defendant. KATHRYN DEMOS, Respondent-Appellant, v. HILDA MATTHEWS et al., Respondents, and SABINE ZAUDERER, Appellant, et al., Defendant. JOHN DEMOS, Respondent-Appellant, v. HILDA MATTHEWS et al., Respondents, and SABINE ZAUDERER, Appellant. SABINE ZAUDERER et al., Appellants, v. BELLE GEMINDER et al., Respondents, et al., Defendant. SABRINE ZAUDERER, Appellant, v. HILDA MATTHEWS et al., Respondents, et al., Defendant.— Judgment in this consolidated action unanimously reversed on the facts and on the law, and a new trial ordered as to all parties, with costs to abide the event. The action resulted from a three-car collision, and presented a close question of negligence or freedom therefrom as between Zauderer and Geminder. John Demos, a party to the action, and a witness, identified a photostatic copy of a report that he made to the Motor Vehicle Bureau concerning the accident. The report, excluded upon objection when it was offered, contained certain admissions by the witness, and a statement that in some material respects could be deemed inconsistent with Demos' testimony. Under the circumstances, the exclusion of the statement was error. " The proof need not be direct and positive contradiction; it is enough that the testimony and the statements are inconsistent and tend to prove differing facts." (*Nappi* v. *Falcon Truck Renting Corp.*, 286 App. Div. 123, 126, affd. 1 N Y 2d 750; see, also, *Reed* v. *McCord*, 160 N. Y. 330, 341.) In an action where the issues were as sharply drawn as here, the exclusion of the statement may well have been prejudicial. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and Stevens, JJ.

■ ALICIA L. SHERMAN, Appellant, v. LEONARD SHERMAN, Respondent.— Judgment granting defendant husband a separation on his counterclaim and dismissing plaintiff wife's complaint unanimously modified, on the law and on the facts, and in the exercise of discretion, to the extent of awarding plaintiff wife a counsel fee of $2,000 and, as so modified, the judgment is affirmed, without costs. The Justice sitting at the Special and Trial Term evidently concluded that the application for counsel fees for services rendered up to and including the trial must fail because of its determination on the merits of plaintiff's complaint. There was no such necessity and, given the power, a counsel fee should have been awarded. Even defendant husband concedes that such an allowance was permissible at least for the defense against his counterclaim for separation. Settle order. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente· and Stevens, JJ.