ANN SABATHIE, as Administratrix of the Estate of GEORGE ALEXANDER, Deceased, et al., Appellants, v. RALPH RUSSO et al., Respondents.— In an action to recover damages for personal injury sustained by plaintiff Mary Alexander and for personal injury and the death of the intestate of the plaintiff Sabathie, plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered March 10, 1964, after a jury trial, in favor of the three defendants, upon the dismissal of the complaint against them, without prejudice, at the close of plaintiffs' case. Judgment, insofar as it is in favor of the defendants G. G. Cab Corp. and James Perpignano, affirmed, without costs; judgment, insofar as it is in favor of the defendant Ralph Russo, reversed on the law; the action is severed as to said defendant; and a new trial is granted as between him and the plaintiffs, with costs to abide the event. No questions of fact have been considered. In our opinion, the evidence: (a) that the motor truck which was being driven by defendant Russo was to the left of and not as far forward as the taxicab that was being driven by defendant Perpignano, as both vehicles were proceeding westerly in the same direction into an intersection; (b) that Russo put the truck into the process of making a right turn in order to go north on the

intersecting avenue; and (c) that the truck then struck the rear part of the left-hand side of the taxicab, constituted as matter of law a prime facie showing of negligence on Russo's part. We do not regard the exclusion of the minutes of the hearing before the Motor Vehicle Bureau as reversible error. If such minutes contained admissions against interest by the drivers of the two vehicles, they would have been admissible in evidence (*Reed* v. *McCord*, 160 N. Y. 330, 341). However, they were not offered in evidence as admissions; they were offered under the statute (CPLR 4517) as the testimony of a witness given at a prior trial, which would be admissible under certain circumstances only. Further, no proper foundation as to the authenticity and accuracy of the minutes was established; the minutes were not marked for identification and were not presented to this court. Hence, this court cannot determine whether in fact the minutes contained any admissions against interest or whether they were material to the issues. Beldock, P. J., Ughetta, Christ, Rabin and Hopkins, JJ., concur.