## (February 23, 1965)

■ ETHEL W. BRESSON, Respondent, v. RADIO CITY MUSIC HALL CORPORATION, Appellant.— In an action to recover damages for personal injury sustained as the result of a fall while plaintiff was descending certain steps on her way to a seat in the defendant's theatre, the defendant appeals from so much of an order of the Supreme Court, Richmond County, entered July 14, 1964, as granted plaintiff's cross motion pursuant to statute (CPLR 3101, subd. [a], par. [1]), and as directed defendant to make available to the plaintiff,

within 30 days, for her inspection all reports "made by any and all employees and agents of the defendant pertaining to and concerning the plaintiff's accident on the premises of the defendant on August 7, 1963." Order, insofar as appealed from, reversed, without costs; and plaintiff's cross motion, insofar as it seeks to inspect all such reports made by the employees and agents of the defendant, denied without prejudice to renewal as herein indicated. The inspection, photographing and measurements at defendant's theatre, as allowed by the second decretal paragraph of the order (from which no appeal was taken), shall proceed on 10 days' written notice or upon such other date as the parties may mutually fix by written stipulation. "Reports of accidents made by employees to their employers are not the proper subject of discovery (*Ciaffone* v. *Manhattantown*, 20 A D 2d 666; *Briant* v. *New York City Tr. Auth.*, 7 A D 2d 756). If, however, additional facts should demonstrate that the statements were made in the regular course of defendants' business and that such statements are admissible under the statute (CPLR 4518); or if the additional facts should show that the statements constitute admissions by the defendants (*Reed* v. *McCord*, 160 N. Y. 330; *Cianci* v. *Board of Educ.*, 18 A D 2d 930), then the statements would be subject to discovery. Under the facts of this case, orderly procedure dictates that the pretrial examination be held before any further attempt at discovery. The records, photographs, etc., now directed to be produced, may be sufficient for the plaintiff to prepare his case. If, during the pretrial examination or upon its completion, the existence of further specifically identifiable and relevant documentary evidence is ascertained by the plaintiff, he may move for its production and discovery, if so advised." (*Lonigro* v. *Baltimore & Ohio R. R. Co.*, 22 A D 2d 918). (See, also, *Rios* v. *Donovan*, 21 A D 2d 409; *Maiden* v. *Aid Carpet Serv.*, 43 Misc 2d 660; *Finegold* v. *Lewis*, 22 A D 2d 447.) Beldock, P. J., Ughetta, Christ, Brennan and Benjamin, JJ., concur.