Jean Carol Hughes-Singer, Appellant,
against
Boulemount Corp. and Kevin Fischetti-Kraff, Respondents.



Appeal from a judgment of the District Court of Nassau County, Second District (Scott H. Siller, J.), entered October 1, 2014. The judgment, after an inquest, dismissed the action.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the District Court for the entry of a judgment in favor of plaintiff in the principal sum of $1,518.75 as against both defendants.
Plaintiff commenced this small claims action to recover the sum of $1,518.75 for defendants' failure to pay her wages owed in the amount of $1,118.75 and for an overpayment she had made to defendants for construction work on her driveway which defendants failed to complete. Defendants defaulted, and, at an inquest, plaintiff testified that she had hired defendants to construct a concrete sidewalk and an asphalt driveway, and had paid for the work in advance. Defendants finished the sidewalk but did not complete the driveway. She hired another contractor to complete the driveway. Thus, defendants owed her a $400 overpayment. Sometime thereafter, defendants hired plaintiff as an employee and failed to pay her all her wages for work which she performed, owing her a balance in the amount of $1,118.75 in wages. When asked by the District Court for proof, plaintiff submitted emails between defendant Kevin Fischetti-Kraff and plaintiff in which Fischetti-Kraff admitted, in two of the emails, that plaintiff was owed the total sum which plaintiff had demanded in her email, which was in the amount of $1,518.75, and stated in the two emails to plaintiff that she would be paid "in full." Following the inquest, the District Court dismissed the action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]).
In a civil action "the admissions by a party of any fact material to the issue are always competent evidence against him, wherever, whenever or to whomsoever made" (Reed v McCord, 160 NY 330, 341 [1899]; see Amann v Edmonds, 306 AD2d 362 [2003]; Newman v Vetrano, 283 AD2d 264 [2001]; Jerome Prince, Richardson on Evidence § 8-206, at 512 [Farrell 11th ed 1995]). We find that plaintiff's evidence established that defendants owed her the sum of $1,518.75. Consequently, the judgment failed to provide the parties with substantial justice [*2]according to the rules and principles of substantive law (see UDCA 1804, 1807). 
Accordingly, the judgment is reversed and the matter is remitted to the District Court for the entry of a judgment awarding plaintiff the principal sum of $1,518.75 as against both defendants.
Marano, P.J., Iannacci and Garguilo, JJ., concur.
Decision Date: December 07, 2016