Christopher P. v Kathleen M.B. (2019 NY Slip Op 05894)





Christopher P. v Kathleen M.B.


2019 NY Slip Op 05894


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


487 CA 18-02145

[*1]CHRISTOPHER P. AND AMBER M., AS PARENTS AND NATURAL GUARDIANS OF ADRIANNA M.P., AN INFANT, PLAINTIFFS-RESPONDENTS,
v
KATHLEEN M.B., DEFENDANT-APPELLANT. 






BURGIO, CURVIN & BANKER, BUFFALO (JAMES P. BURGIO OF COUNSEL), FOR DEFENDANT-APPELLANT.
DOLCE PANEPINTO, P.C., BUFFALO (EDWARD L. SMITH, III, OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (James H. Dillon, J.), entered August 21, 2018. The order granted the motion of plaintiffs for partial summary judgment on the issue of liability. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the motion is denied.
Memorandum: Plaintiffs Christopher P. and Amber M., as parents and natural guardians of Adrianna M.P., their daughter, commenced actions that were thereafter consolidated seeking to recover damages for injuries that the daughter sustained during an interaction with defendant's dogs. Supreme Court granted plaintiffs' motion for partial summary judgment on the issue of liability. We reverse.
It is well established that "the owner of a domestic animal who either knows or should have known of that animal's vicious propensities will be held liable for the harm the animal causes as a result of those propensities" (Collier v Zambito, 1 NY3d 444, 446 [2004]). Such knowledge "may . . . be established by proof of prior acts of a similar kind of which the owner had notice" (id.). "Vicious propensities include the propensity to do any act that might endanger the safety of the persons and property of others in a given
situation' " (id., quoting Dickson v McCoy, 39 NY 400, 403 [1868]; see Meka v Pufpaff, 167 AD3d 1547, 1547-1548 [4th Dept 2018]; Marquardt v Milewski, 288 AD2d 928, 928 [4th Dept 2001]). Thus, "an animal that behaves in a manner that would not necessarily be considered dangerous or ferocious, but nevertheless reflects a proclivity to act in a way that puts others at risk of harm, can be found to have vicious propensities—albeit only when such proclivity results in the injury giving rise to the lawsuit" (Collier, 1 NY3d at 447; see Long v Hess, 162 AD3d 1646, 1647 [4th Dept 2018]). "Evidence tending to demonstrate a dog's vicious propensities includes evidence of a prior attack, the dog's tendency to growl or snap or bare its teeth, the manner in which the dog was restrained, the fact that the dog was kept as a guard dog, and a proclivity to act in a way that puts others at risk of harm" (Ioveno v Schwartz, 139 AD3d 1012, 1012 [2d Dept 2016], lv denied 28 NY3d 905 [2016]; see Bard v Jahnke, 6 NY3d 592, 597 [2006]; Collier, 1 NY3d at 447). "In contrast, normal canine behavior' such as barking and running around' does not amount to vicious propensities" (Brady v Contangelo, 148 AD3d 1544, 1546 [4th Dept 2017], quoting Collier, 1 NY3d at 447; see Long, 162 AD3d at 1647; Bloom v Van Lenten, 106 AD3d 1319, 1321 [3d Dept 2013]).
Contrary to defendant's initial contention, we agree with plaintiffs that, if they established as a matter of law that defendant knew that both dogs, or the dogs in concert, had vicious propensities that resulted in the daughter's injuries, then defendant's liability would not be dependent upon plaintiffs' identification of the particular dog that bit the daughter (see O'Brien v [*2]Amman, 21 Misc 3d 1118[A], 2008 NY Slip Op 52096[U], *2-3 [Sup Ct, Allegany County 2008]; see generally Beck v Morse, 271 AD2d 916, 916-917 [3d Dept 2000]). The implication of defendant's contention to the contrary is that a bite is necessary to establish a vicious propensity; however, it is well established that "[a] vicious propensity is not limited to a bite or other attack, but includes a propensity to act in a manner that may endanger the safety of another, whether playful or not' " (Marquardt, 288 AD2d at 928). Here, it is undisputed that both of defendant's dogs were involved in an interaction on the couch upon which the daughter was sitting and, during that ultimately dangerous interaction of fighting or aggressive playing, the dogs caused the daughter's injuries when at least one of them bit her (see generally PJI 2:220).
The question thus becomes whether plaintiffs met their burden of establishing as a matter of law that the dogs had vicious propensities that resulted in the daughter's injuries and that defendant knew or should have known of those vicious propensities (see Collier, 1 NY3d at 446-447; Ioveno, 139 AD3d at 1012; Smith v Farner, 229 AD2d 1017, 1017-1018 [4th Dept 1996]; see also PJI 2:220). We agree with defendant for the reasons that follow that plaintiffs failed to establish as a matter of law that the dogs had vicious propensities that resulted in the daughter's injuries.
Inasmuch as "summary judgment is the procedural equivalent of a trial . . . [, t]he moving party must sufficiently demonstrate entitlement to judgment, as a matter of law, by tender of evidentiary proof in admissible form" (LaGrega v Farrell Lines, 156 AD2d 205, 205 [1st Dept 1989]; see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Here, plaintiffs attempted to meet their burden by referencing a purported incident that occurred prior to the subject interaction involving the daughter in which a young boy was "nipped" by one of the dogs during an interaction with them. Plaintiffs failed, however, to submit evidence in admissible form regarding the purported prior incident allegedly establishing the existence of the dogs' vicious propensities. Instead, plaintiffs relied on defendant's inadmissible hearsay testimony during her deposition about what she had heard from others regarding the purported prior incident, for which she was not present and about which she had no firsthand knowledge (see generally Ciliotta v Ranieri, 149 AD3d 1032, 1033 [2d Dept 2017]). Such evidence is insufficient to meet plaintiffs' burden on their motion for summary judgment (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
It is true that, "[i]f a party makes an admission, it is receivable even though knowledge of the fact was derived wholly from hearsay" (Jerome Prince, Richardson on Evidence § 8-206 [Farrell 11th ed 1995], citing Reed v McCord, 160 NY 330 [1899]). If, however, the party merely admits that he or she heard that an event occurred in the manner stated, the party's statement is "inadmissible as then it would only . . . amount[ ] to an admission that he [or she] had heard the statement which he [or she] repeated and not to an admission of the facts included in it" (Reed, 160 NY at 341; see Cox v State of New York, 3 NY2d 693, 698 [1958]). Here, defendant merely admitted that she had heard that the purported prior incident occurred in the manner stated by others, which is "in no sense an admission of any fact pertinent to the issue, but a mere admission of what [she] had heard without adoption or indorsement. Such evidence is clearly inadmissible" (Reed, 160 NY at 341; see Cox, 3 NY2d at 698; Matter of Aaron v Burnham & Co., 2 AD2d 93, 95 [3d Dept 1956]).
Plaintiffs' remaining submissions likewise constituted inadmissible hearsay and, even assuming, arguendo, that those submissions constituted competent evidence, we conclude that they failed to establish as a matter of law that the dogs had vicious propensities that resulted in the daughter's injuries (see generally Collier, 1 NY3d at 447; Earl v Piowaty, 42 AD3d 865, 866 [3d Dept 2007]).
Based on the foregoing, plaintiffs' failure to make the required prima facie showing of entitlement to judgment as a matter of law mandates the denial of their motion regardless of the sufficiency of defendant's opposing papers (see generally Winegrad, 64 NY2d at 853).
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court