ELBERT G. HUBBARD, Respondent, *v.* FRANK H. BROWN and Others, Appellants, Impleaded with Others.

*Evidence of a conversation between the plaintiff and a third party in the absence of the defendants is inadmissible.*

In an action to foreclose a mortgage, in which the defense of usury was interposed, the plaintiff claimed that his first connection with the transaction in which the loan was made was as a middleman for one Perkins, whom the plaintiff claimed was the party who originally intended to make the loan; that Perkins subsequently retused to make the loan, and that the plaintiff thereupon made it himself and returned to the borrowers certain money which he claimed to have received from the latter as commissions for his services as middleman for Perkins.

*Held,* that testimony by the plaintiff to the effect that he had had a conversation with Perkins in the absence of the borrowers, in which Perkins assured him that he would make the loan, but that in another and later conversation Perkins informed him that he had concluded not to do so, and that he, the plaintiff, subsequently communicated this fact to the borrowers, was incompetent as hearsay and irrelevant to the issue and forming no part of the *res gestæ.*

APPEAL by the defendants, Frank H. Brown and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 31st day of January, 1898, upon the report of a referee, with notice of an intention to bring up for review upon such appeal an order entered in said clerk's office on the 31st day of January, 1898, confirming said report.

*Clark H. Timerman,* for the appellants.

*Wallace Thayer,* for the respondent.

ADAMS, J.:

This action is brought to foreclose a mortgage of $2,600, covering certain premises located on Tryon place, in the city of Buffalo, and the principal defense thereto is usury.

The case was tried before a referee, who reported in favor of the plaintiff, and this court is now asked to reverse his findings of fact and the conclusions of law founded thereon, upon the ground that the same are clearly against the weight of· evidence.

This contention upon the part of the learned counsel for the appellants is one which is certainly not without merit; for there is much in the evidence tending to show that the loan secured by the mortgage in suit was tainted with usury, and that the plaintiff was from the very outset the lender and not, as he claims, the mere negotiator of that loan.

It is but fair to state, however, that the evidence upon this issue was somewhat contradictory, and consequently, without determining what weight should be given to the appellants' contention, we pass to the consideration of an exception in the case which, we are persuaded, presents reversible error.

Upon the trial it was claimed by the plaintiff that he was simply a middleman or negotiator of the loan to the defendant mortgagors; that the party who originally intended to make that loan was a man by the name of Perkins, and that the money which the plaintiff received from the borrowers, at the time the offer to make the loan was accepted, was only by way of compensation or commission for his services. It was further claimed that, when the negotiations had reached a certain point, Perkins refused to make the loan, and that the plaintiff thereupon made it himself, and returned the money which he had received by way of commissions to the defendant mortgagors, with directions to pay it over to a third party, from whom, there is some evidence tending to show, it ultimately found its way back into the hands of the plaintiff.

This man Perkins was not present at the trial, and it was insisted by the appellants that his connection with the transaction was purely mythical, and that if there was in fact any such person in existence, he never made or intended to make the loan to secure which the mortgage was given. To meet this contention the plaintiff gave some proof tending to establish the existence and identity of Perkins, although it was conceded that his whereabouts at the time of the trial could not be ascertained; and then, by way of proof that he was the party who originally intended to make the loan, the plaintiff was permitted, over the appellants' objection and exception, to detail a conversation had between him and Perkins, in the absence of the defendant mortgagors, in which Perkins assured the plaintiff that he would make the loan, but that in another and later conversation he informed the plaintiff that he had concluded not to

do so, which fact he, the plaintiff, subsequently communicated to the defendant mortgagors.

This evidence was no part of the *res gestæ*, but related simply to a conversation between the plaintiff and a stranger, to which the defendant mortgagors were in no sense parties. It was, consequently, merely hearsay, and irrelevant to the issue; and the fact that the substance of the conversation was thereafter communicated to the defendant mortgagors did not relieve the situation. (Steph. Dig. Ev. chap. IV, art. 18; *Stephens* v. *Vroman,* 16 N. Y. 381.)

If any such rule of evidence as is here contended for were to be adopted, it would enable a party so disposed to prove almost any fact by giving evidence of a conversation with a third party, in which the existence of the desired fact was asserted, and then claiming that the substance of the conversation had been subsequently repeated to the opposite party.

The record presents one or two other rulings of the learned referee which are not entirely free from criticism; but inasmuch as the one already adverted to is sufficient to require a reversal of the judgment, we do not think it necessary to refer to them with greater particularity.

All concurred; WARD, J., in result only.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.