(68 App. Div. 12.)

LEHMAN v. MAYER.

(Supreme Court, Appellate Division, First Department. January 17, 1902.)

1. REPLEVIN—COMPLAINT—EXECUTION AGAINST PERSON.
    Code Civ. Proc. §§ 1240, 1487–1489, provide that, where the judgment awards possession of a chattel or is for a sum of money, execution against the debtor's person may be issued, after the return unsatisfied of one against his property, where the plaintiff's right to arrest the defendant depends upon the nature of the action. Section 549 provides that defendant may be arrested where action is brought to recover a chattel alleged to have been concealed, removed, or disposed of so that it cannot be found or taken by the sheriff, and with intent that it should not be so found or taken, and also that where such allegation is made the plaintiff cannot recover unless he proves it upon the trial. Held that, as a judgment for plaintiff in replevin established the proof of the allegations of his complaint made in conformity to section 549,

an execution against the person of the defendant, issued after the return of an execution against the defendant's property unsatisfied, was authorized.

2. SAME—DESCRIPTION OF PROPERTY.
   The description in the findings, judgment, and execution in replevin of the property as "37 cases of Connecticut seed leaf tobacco" is jurisdictionally sufficient.

Appeal from special term, New York county.

Action by Martin Lehman against Lewis Mayer. From an order denying defendant's motion to vacate an execution against his person, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Benjamin Tuska, for appellant.
B. F. Einstein, for respondent.

LAUGHLIN, J. This action was brought to recover 37 cases of Connecticut leaf tobacco. The complaint alleges that the defendant, after taking the chattels into his actual possession, "has concealed, removed, or disposed of said chattels so that they cannot be found or taken by the sheriff under the requisition issued to him herein, and with intent that the same should not be so found or taken." The answer is a general denial. The defendant defaulted on the trial. The plaintiff proved his case as alleged, and the court made a decision containing separate findings of fact. The court found, among other things, that defendant had removed and disposed of the chattels so that they could not be found by the sheriff, and with the intent that they should not be found or taken on execution. The court found, as conclusions of law, that plaintiff was entitled to judgment for the possession of the property, and damages for the wrongful taking and detention, together with costs of the action, and, in case a delivery of the property could not be had, then for its value, as therein fixed. Judgment in the usual form was entered upon the decision. Subsequently the defendant made a motion to open his default, and an order granting the motion upon certain conditions was made on the 17th day of June, 1901. The conditions imposed on opening the default have not been complied with, and no appeal has been taken from the order. An execution in the usual form—for the delivery of the property, and for the recovery of the damages and costs, and, in the event that the property was not found, for the recovery of its value—was issued upon the judgment. The sheriff returned the execution in due time, with the indorsement thereon, over his signature, "No personal or real property." Thereupon the body execution sought to be vacated by the motion was issued.

No order of arrest has been granted in the action. The question presented is whether an execution against the person of the defendant was authorized. Where the judgment awards possession of a chattel, or is for the recovery of a sum of money, after an execution against the property of the judgment debtor has been returned wholly or partly unsatisfied, if the defendant be not a woman, an ex-

ecution against his person may be issued upon the judgment, "where the plaintiff's right to arrest the defendant depends upon the nature of the action." Code Civ. Proc. §§ 1240, 1487–1489. The cases in which the plaintiff's right to arrest the defendant depends upon the nature of the action are specified in section 549 of the Code of Civil Procedure. That section provides, among other things, that a defendant may be arrested where the action is brought "to recover a chattel where it is alleged in the complaint that the chattel or a part thereof has been concealed, removed or disposed of so that it cannot be found or taken by the sheriff, and with intent that it should not be so found or taken." Id. § 549, subd. 2. It is further therein expressly provided that, "where such allegation is made, the plaintiff cannot recover unless he proves the same upon the trial of the action; and a judgment for the defendant is not a bar to a new action to recover the * * * chattel." In the case at bar the complaint contains these allegations which would have authorized an order of arrest, and the decision and judgment establish the fact that they were proved upon the trial. If they had not been proved, the plaintiff could not have recovered, but he could have maintained a new replevin action, eliminating the allegations essential to authorize the arrest of the defendant. This seems to be the plain construction of these provisions of the Code, and it is also sustained by authority. Steamship Co. v. Seager, 31 App. Div. 288, 52 N. Y. Supp. 985; Moffatt v. Fulton, 132 N. Y. 520, 30 N. E. 992.

It is also contended that the description of the property in the findings, judgment, and execution was insufficient. The description is, "Thirty-seven cases of Connecticut seed leaf tobacco." In view of the fact, established by the decision and judgment, that the defendant has intentionally disposed of the property for the purpose of placing it beyond the reach of the sheriff, it is not apparent that he could have been prejudiced if the description were insufficient; but we deem it jurisdictionally sufficient.

We have examined the other points presented by appellant, but are of opinion that they are not well taken, and do not require special consideration.

The order should be affirmed, with $10 costs and disbursements. All concur.