MERRIAM v. JOHNSON.

(Supreme Court, Appellate Division, First Department. December 7, 1906.)

REPLEVIN—PLEADING—DECLARATION—ALLEGATION OF DETENTON BY DEFENDANT—STATUTES.

Under Code Civ. Proc. § 549, providing that a defendant may be arrested in an action to recover a chattel, where it is alleged in the complaint that the chattel has been concealed and cannot be taken by the sheriff, and with intent that it should not be so taken, when considered in conection with the history of the section, and section 550, and Laws 1886, p. 960, c. 672, amending the sections, and section 1487, providing that in actions embraced within section 549 a body execution may issue on the judgment, a plaintiff in an action to recover a chattel cannot recover judgment, where he fails to prove the allegation of the complaint that the chattels had been concealed so that the same could not be taken by the sheriff, and with the intent that they should not be so taken.

Appeal from Appellate Term.

Action by Louise J. Merriam against David S. Johnson. From a determination of the Appellate Term (99 N. Y. Supp. 425), affirming a

judgment of the City Court of the City of New York for plaintiff and an order of the court denying a motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued before PATTERSON, INGRAHAM, CLARKE, LAUGHLIN, and SCOTT, JJ.

Francis B. Chedsey, for appellant.

S. K. Lichtenstein, for respondent.

SCOTT, J. The action is for damages for the detention of a dog, the property of the plaintiff, which had been intrusted to defendant for medical treatment. The complaint alleged plaintiff's ownership of the dog, that it had been in defendant's possession, and that defendant detained it from plaintiff. The value of the dog is alleged, and judgment is asked for the recovery of the possession of the dog, or for the value thereof in case a delivery cannot be had. In the third paragraph of the complaint it is alleged:

"That the said chattel has been concealed, removed or disposed of so that it cannot be found or taken by the sheriff, and with intent that it should not be so found or taken and to deprive the plaintiff of the benefit thereof."

No attempt was made upon the trial to prove this allegation, and for failure to make such proof the defendant moved that the complaint be dismissed, and upon the denial of the motion duly excepted. A judgment for plaintiff resulted, which was affirmed by the Appellate Term, and from the order of affirmance the defendant, by permission, appeals to this court.

The words quoted are taken from section 549 of the Code of Civil Procedure, which is entitled, "When right to arrest depends on nature of action," and which provides as follows:

"Sec. 549. A defendant may be arrested in an action, as prescribed in this title, when the action is brought for either of the following causes:

"(1) To recover a fine or penalty.

"(2) To recover * * * a chattel where it is alleged in the complaint that the chattel or a part thereof has been concealed, removed or disposed of so that the same cannot be found or taken by the sheriff, and with intent that it should not be so taken, or to deprive the plaintiff of the benefit thereof; or to recover for money received or to recover property or damages for the conversion or misapplication of property where it is alleged in the complaint that the money was received or the property was embezzled or fraudulently misapplied by a public officer, or by an attorney, solicitor or counsellor or by any officer or agent of a corporation or banking association in the course of his employment, or by a factor, agent, broker or other person in a fiduciary capacity. Where such an allegation is made the plaintiff cannot recover unless he proves the same on the trial of the action; and a judgment for the defendant is not a bar to a new action to recover the money or chattel."

It will be perceived, on a careful reading of this extract from subdivision 2 of section 549, that there are two classes of cases in which it is permitted to insert special allegations in the complaint not strictly essential to the statement of a complete cause of action. These are an action to recover a chattel, which is the case at bar, and an action to recover money or property received in a fiduciary capacity. The general provision that, where "such an allegation" is made, it must be proved, obviously applies to both classes of actions, because it is further pro-

vided that, in case of failure to make such proof, the judgment for defendant shall not be a bar to a new action to recover the money "or chattel."

The question involved in this appeal, then, is whether in an action to recover a chattel, where the complaint contains the statutory allegations of fraudulent concealment, the plaintiff may ignore these allegations, offer no proof to sustain them, and yet recover judgment. The plain language of the Code seems to require that the question should be answered in the negative, and it would be necessary to say nothing further, except for the fact that some confusion upon the subject seems to have crept into the cases.

The court below affirmed the judgment on the authority of McGuire v. Bausher, 52 App. Div. 276, 65 N. Y. Supp. 382, and in the course of its opinion in that case the court certainly used language which, taken by itself, would seem to justify the affirmance of this judgment. It appears upon a careful reading of the opinion, however, that the court was dealing with a judgment from the Municipal Court and based its decision upon Matter of Zeitz, 12 Civ. Proc. R. 423, wherein it was held that subdivision 4 of section 549 of the Code, requiring that fraud must be proved at the trial, does not apply to the District Courts of New York City. of which the Municipal Court was the continuation. An examination of the general scheme of the Code as to the right to arrest the defendant and to issue a body execution against him constrains us to take a different view in a case like the present. There are two classes of actions in which orders of arrest may issue. Section 549 deals with cases in which the right to arrest a defendant depends upon the nature of the cause of action; that is to say, upon the allegations of the complaint, for the nature of the cause of action can be determined only by the allegations of the complaint. In actions embraced within this section, a body execution may issue upon the judgment whether an order of arrest has been issued in the action or not (Code Civ. Proc. § 1437. Lohman v. Mayor, 68 App. Div. 12, 74 N. Y. Supp. 194; Shorman v. Grinnell, 159 N. Y. 50, 53 N. E. 674. The other class of cases is embraced in section 550, where the right to an order of arrest depends, not upon the allegations of the complaint, but upon extrinsic facts which could not properly be pleaded, but should be shown by other means. In such cases no body execution can issue unless an order of arrest has been issued and served and has not been vacated. Section 1487.

The history of sections 549 and 550 serve to demonstrate why in actions like the present the Legislature provided that, in order to justify an arrest, the complaint must contain the allegations of fraudulent concealment, and that, in order to obtain judgment upon such a complaint, these allegations must be proven. As the present Code was originally enacted, few. cases were embraced in section 549. They were: (1) Actions for a fine or penalty. (2) An action to recover damages for a personal injury; an injury to property, other than the taking, detention or conversion of personal property; breach of promise to marry; misconduct or neglect in office or in a professional employment; fraud or deceit. (3) Actions to recover public moneys lost by

the fraud, embezzlement, or malversation of public officers or corporations. These cases were declared by the section to be cases where the right to arrest the defendant depends upon the nature of the action. Section 550 then provided a number of cases in which the defendant might be arrested when certain facts were made to appear "extrinsic to the complaint." One of these actions was an action to recover a chattel, as to which it was provided that the defendant might be arrested if it was made to appear by allegations extrinsic to the complaint that the chattel had been fraudulently concealed, removed, or disposed of. While the Code remained in this condition, it is manifest that the allegations of fraudulent concealment had no proper place in the complaint, and if inserted therein might be treated as surplusage. In 1886, however, by chapter 672, p. 960, of the Laws of that year, sections 549 and 550 were entirely remodeled, and an action to recover a chattel, wherein fraudulent concealment by the defendant was charged, was transferred to section 549 and included among those actions in which the right to arrest depended upon the nature of the action. But it was provided now that the allegations which formerly were required to be made extrinsic to the complaint should now be included in the complaint, and that the plaintiff might not recover judgment unless he proved these allegations. The effect of this change in sections 549 and 550 was thus stated by the Court of Appeals:

"It was clearly the intention of the Legislature, by its last amendment of section 549 (that of 1886), to require a plaintiff intending to arrest the defendant to predicate his action upon some ground of wrongdoing mentioned in the statute, as a substantial part of the cause of action, so that he could defend himself before a jury and recover costs, if such defense was successful." Moffatt v. Fulton, 132 N. Y. 507, 30 N. E. 992.

The fact that no order of arrest was actually issued in the present case does not relieve plaintiff from the necessity of proving her allegations. Since the action she has brought is now embraced in section 549, her right to issue a body execution depends solely upon the allegations contained in her complaint, and is in no wise affected by her failure to obtain an order of arrest. The result would be, if this judgment was affirmed, that the defendant would be liable to be arrested upon an execution against his person because the complaint contained allegations of wrongdoing of which no evidence whatever was offered. It was precisely this result that the Legislature undertook to guard against by requiring that the allegations of fraudulent concealment, if included in the complaint, must be established in order to entitle plaintiff to a judgment.

It results that the judgment must be reversed, and a new trial granted, with costs to the appellant in this court and courts below to abide the event. All concur.