IRVING D. KARPAS and Another, Individually and as Copartners Trading under the Firm Name and Style of I. D. KARPAS & Co., Respondents, *v.* NAT BRUSSEL, Having a Place of Business at 133 West Seventeenth Street, New York City, Appellant.

First Department, July 6, 1926.

**Replevin — action to recover possession and damage for wrongful detention of cloth alleged to have been delivered to defendant to be manufactured — plaintiffs alleged demand and that defendant sold goods so that they could not be replevied — counterclaim — failure of plaintiffs to move to dismiss within ten days after answer was served waived right to move on ground that counterclaims were not interposable — Civil Practice Act, § 278, and Rules of Civil Practice, rule 109, applied — question of fact was raised by evidence — error to direct verdict for plaintiffs — judgment for money only violates Civil Practice Act, §§ 1120 and 1124.**

In an action to recover cloth alleged to have been delivered by the plaintiffs to defendant for manufacture, which the plaintiffs claim the defendant refused to return on demand, the failure of the plaintiffs to move within ten days after the answer was served to dismiss two counterclaims on the ground that they did not arise out of the transaction and could not, therefore, be introduced in an action for tort, constituted a waiver under section 278 of the Civil Practice Act and rule 109 of the Rules of Civil Practice of the plaintiffs' right to make the motion on the ground stated.

The plaintiffs having alleged that the defendant wrongfully concealed the goods so that the sheriff could not find them and that said concealment was made with the intent that the goods could not be found and taken by the sheriff, the burden of proof was on the plaintiffs under subdivision 7 of section 826

of the Civil Practice Act to establish the allegations by a preponderance of the evidence.

Since the record shows a conflict of testimony on the question whether or not the defendant concealed the property and whether or not if it did conceal the property it did so with the intent alleged, an issue of fact was raised which should have been submitted to the jury, and it was error for the court to direct a verdict in favor of the plaintiffs.

Furthermore, the verdict for a sum of money only directed in favor of the plaintiffs, and the judgment entered thereon, violates sections 1120 and 1124 of the Civil Practice Act, for in an action of replevin the final judgment must award the plaintiffs possession of the chattels and also the sum fixed as the value thereof to be paid by the defendant if the possession of the chattels is not delivered to the plaintiffs.

APPEAL by the defendant, Nat Brussel, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 7th day of October, 1925, upon the verdict of a jury rendered by direction of the court.

*George Cherurg* of counsel [*Cherurg & Cherurg*, attorneys], for the appellant.

*Gustave Leight* of counsel [*Blumberg, Leight & Parker*, attorneys], for the respondents.

WAGNER, J. This action was instituted to recover possession of certain merchandise in which plaintiffs claim ownership, and to which they claim possession, or, the value of the said goods, amounting to $3,693, and also for damages for wrongful detention, amounting to $2,000.

The complaint alleges that the plaintiffs delivered to the defendant certain cloth and raw material which is described in a schedule annexed to the complaint; that the materials were delivered to the defendant in accordance with certain terms and specifications contained in written orders which are also annexed to the complaint. The defendant agreed, it is alleged, to manufacture the said merchandise into ladies' coats within the time and in the manner provided in the order, and that the value of the defendant's labor to be performed on the said merchandise was to be determined by taking the difference between the charges made by the plaintiffs for the raw materials, linings and trimmings, and the charges made by the defendant for the finished product, also in accordance with the prices specified in the order; that the defendant was not entitled to payment for his labor until the goods were delivered and found to conform to the terms of the order.

It is further alleged that the defendant violated this agreement; that he refused to deliver the merchandise unless plaintiffs paid a large sum of money therefor, and refused to permit the plaintiffs

to inspect the goods; that the plaintiffs demanded the return of the merchandise on or about the 15th of May, 1922; that the defendant refused to return said merchandise and wrongfully detained the same and has concealed, removed or disposed of the same so that it could not be found or taken by the sheriff of New York county, and with intent that it should not be so found or taken, and to deprive the plaintiffs of the benefit thereof.

The answer denied the material allegations of the complaint. It admits the delivery of the raw material, and that it was charged by the plaintiffs to the defendant and recharged by the defendant to the plaintiffs.

The defendant also interposed a separate counterclaim, alleging that in January, 1921, plaintiffs and defendant entered into an agreement whereby the defendant agreed to manufacture ladies' coats pursuant to specifications; that between January 1, 1921, and May 15, 1922, the defendant performed certain work, labor and services and furnished materials in connection therewith to the agreed value of $355,958; that no part has been paid except the sum of $355,362, leaving a balance of $596 due defendant. As a second counterclaim, the defendant alleges that on the 25th of January, 1922, the defendant advanced to the plaintiffs $500, which the plaintiffs agreed to repay, but have refused upon demand to do so.

The plaintiffs established at the trial that they purchased their own cloth and linings, and also had their own styles, which they delivered to the contractor, defendant; that these goods are charged to the contractor at the market price, and that the contractor recharges them at the prices fixed in the orders given by the plaintiffs; that the goods are sent to the contractor on memorandum, and the prices are extended only as a basis of settlement. The orders signed by both plaintiffs and defendant contained a provision that it is agreed between the parties: " This merchandise belongs to us [plaintiffs] and is sent to you to be made and manufactured for us into garments as directed. Prices are only extended as a convenience and as a basis of adjustment, and the merchandise referred to in no way is sold to you. The difference between our prices and yours represents the amount we agree to pay you for your labor and Trimmings. * * * Title to the said goods as delivered as well as when manufactured into garments or in process of manufacture, to remain at all times in the said I. D. Karpas & Co. [plaintiffs]."

The goods were delivered to the defendant to be manufactured into garments, the amount of which and the price of which is not in dispute, for that was agreed to between plaintiffs and defendant by a stipulation entered into prior to the trial.

Demand was made upon the defendant to deliver to plaintiffs the finished garments in accordance with the agreement between the parties. This was refused, and the case at bar was instituted to recover possession of these garments, or their value.

At the close of the plaintiffs' case the trial court dismissed the defendant's counterclaims, to which the defendant duly excepted, and at the close of the entire case the trial court granted plaintiffs' motion to direct a verdict in favor of the plaintiffs for the amount of the plaintiffs' claim, to which the defendant duly excepted and asked to go to the jury, as follows: Defendant's Counsel: " Now, I ask your Honor to submit to the jury the following question of fact, whether or not the defendant had title and right of disposition over this merchandise. *Second:* Whether or not the defendant concealed this merchandise with the object of concealing it so as to avoid the operation of the writ of replevin, to prevent the sheriff taking. it. On the further question of fact, whether or not the defendant disposed of it with intent to so conceal it from the sheriff acting under his writ of replevin. The Court: Motion denied. [Defendant's Counsel]: I respectfully except, and respectfully except to your Honor's direction of a verdict. (By direction of the court, the jury find a verdict for the plaintiff for $4,065.63.) 30 days stay and 60 days to make a case."

The dismissal of the two counterclaims was based upon the ground that upon their face it is manifest that the claims did not arise out of the transaction set forth in the complaint.

This being an action in tort, a counterclaim cannot be interposed unless it does arise out of the transaction alleged by plaintiffs.

It is true that the counterclaims do upon their face show that they involve independent transactions. But, since the motion to dismiss the said counterclaims was not made within ten days after the answer was served in this case, the plaintiffs are deemed to have waived the ground that the counterclaims are not such as may be properly interposed in the action. (Civ. Prac. Act, § 278; Rules Civ. Prac. rule 109.) Plaintiffs having waived their improper interposition, the court improperly granted the motion to dismiss them. They should have been disposed of on their merits.

It is our opinion that the trial court also committed error in directing a verdict for the plaintiffs. The questions of fact proposed by the defendant's counsel should have been submitted for determination to the jury.

The plaintiffs, having alleged by paragraph 13 of their complaint: " That the defendant wrongfully detains the chattels more particularly referred to and described in the schedules hereto annexed and has concealed, removed or disposed of the same so that it

cannot be found or taken by the sheriff of the County of New York, and with intent that it should not be so found or taken, and to deprive the plaintiffs of the benefit thereof," were required by section 826 of the Civil Practice Act to substantiate that allegation by a preponderance of evidence upon the trial.

Subdivision 7 of section 826 of the Civil Practice Act provides: " To recover a chattel where it is alleged in the complaint that the chattel or a part thereof has been concealed, removed or disposed of so that it cannot be found or taken by the sheriff and with intent that it should not be so found or taken, or to deprive the plaintiff of the benefit thereof. Where such allegation is made, the plaintiff cannot recover unless he proves the same on the trial of the action, and a judgment for the defendant is not a bar to a new action to recover the chattel."

Under this provision, the plaintiffs, in order to recover, were required to prove that the property had been removed by the defendant with intent to prevent its being found by the sheriff, or with intent to deprive the plaintiffs of the benefit thereof. (*Merriam* v. *Johnson,* 116 App. Div. 336; *Moffatt* v. *Fulton,* 132 N. Y. 507.)

The record shows a conflict in the testimony as to the question of fact whether the defendant did conceal, remove or dispose of the property belonging to the plaintiffs so that the sheriff could not levy upon the same in replevin, and also whether or not the defendant did so dispose of, conceal or remove said property with intent that it should not be so available.

The defendant testified that one of the plaintiffs stated to him that if he could not deliver the finished garments within " a couple of days " from the day of demand the plaintiffs did not want them at all and he, defendant, could do what he liked with them; that thereafter he sold the goods to one of his customers; that such disposition was made before he had any knowledge of the issuance of the writ of replevin herein. He denied that he had disposed of the property with the intent specified in subdivision 7 of section 826 of the Civil Practice Act.

The plaintiffs adduced evidence for the purpose of establishing that the defendant disposed of the merchandise in question so that it could not be found or taken by the sheriff, and with the intent of depriving the plaintiffs of the benefit thereof.

The oral and documentary evidence, together with the surrounding circumstances, raised an issue of fact which should have been submitted to the jury for its determination.

The law is that intent to defraud is never presumed, but must be established by proof. (*Beardsley* v. *Duntley,* 69 N. Y. 577,

581; *Shultz* v. *Hoagland*, 85 id. 464, 467; *Bernheimer* v. *Rindskopf*, 116 id. 428, 436.)

The court directed a verdict in favor of the plaintiffs for $4,065.63, representing the undisputed value of the merchandise, together with interest thereon, claimed to have been withheld. Thereafter a money judgment in that sum together with costs was entered. This form of verdict and judgment was contrary to sections 1120 and 1124 of the Civil Practice Act.

The action was instituted to recover the possession of the chattels involved and for an adjudication that the plaintiffs are the owners and entitled to the possession thereof or the value thereof. In such an action, where, as here, the merchandise is not replevied, the final judgment must award to plaintiffs possession of the chattels and also the sum fixed as the value thereof, to be paid by the defendant if possession thereof is not delivered to the plaintiffs. (Civ. Prac. Act, § 1124.) The trial court awarded only the value of the chattels.

For the reasons stated, the judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, MERRELL and McAVOY, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.