METROPOLITAN COMMERCIAL CORPORATION, Respondent, *v.* ELMER H. SCHEFFLER, Appellant.

Supreme Court, Erie County, April 8, 1932.

*Levant D. Lester*, for the appellant.

*Kennedy & Chamberlin*, for the respondent.

NOONAN, J. The complaint sets up a cause of action to recover upon a promissory note and then proceeds to allege facts which would constitute fraud by the defendant against the plaintiff in contracting the liability. Inspection of the complaint shows plainly that the cause of action alleged is one in contract upon the note and not one in tort for damages for fraud or deceit.

After a trial the court granted judgment in favor of the plaintiff and against the defendant for the amount demanded in the complaint, with costs; subsequently, without notice to the defendant and after the defendant's time to appeal from the judgment had expired, the court amended the judgment by adding thereto the following: " December 30, 1931, I find that the incidental allegations of fraud are sustained and that the plaintiff is entitled to a body execution." Thereafter defendant moved for an order striking out the amendment to the judgment, which motion was denied January 18, 1932. Thereupon this appeal was taken.

The Civil Practice Act (§ 764) provides for an execution against the person in two classes of cases: *First,* where the right to an order of arrest depends upon the nature of the action; and, *second,* where an order of arrest has been granted and executed in the action and not vacated. The second class of cases is that class in which the right to an order of arrest depends upon facts extrinsic to the cause of action.

In the present case the nature of the cause of action is, as stated above, one to recover upon a simple contract. The allegations of fraud are no part of the cause of action and no damages are alleged on account of the fraud, nor could the complaint be sustained as an action for damages for fraud. It was, therefore, improper as a matter of pleading to include those allegations in the complaint. (*Elwood* v. *Gardner*, 45 N. Y. 349; *Harris* v. *Todd*, 16 Hun, 248.)

It follows that the right to an execution against the person does not depend upon the nature of the action, but upon facts extrinsic thereto. Accordingly, under the provisions of section 764 of the Civil Practice Act, an execution against the person could not issue unless an order of arrest had been obtained and executed.

Bearing these facts in mind, it is manifest that the amendment of the judgment affects a substantial right of the defendant and

the order denying defendant's motion striking it out also affects such a right and is, therefore, appealable under section 55 of the Buffalo City Court Act (Laws of 1909, chap. 570, as amd. by Laws of 1931, chap. 66).

It appears without contradiction that the amendment was made without any notice to the defendant or his attorney and without any opportunity to be heard thereon, in addition to which it also appears that the amendment was improper in itself for the reasons stated above. It is elementary that such an order, the result of which might be to deprive defendant of both liberty and property without a day in court, is obnoxious both to the Fourteenth Amendment to the Federal Constitution and to article 1, section 6, of the Constitution of the State of New York.

It is unnecessary to consider whether the original judgment can be reviewed upon this appeal, since inspection of the record discloses no ground for disturbing it. The evidence of the conversations between the defendant and the man Schier, which was excluded by the court, was relevant only upon the question of fraud which was not in issue upon the trial and, therefore, its exclusion, if improper, furnishes no ground for reversal. The order of the City Court made January 18, 1932, denying defendant's motion to strike out the amendment to the judgment made December 30, 1931, is reversed and the motion granted and the cause remitted to the City Court with directions to proceed accordingly, and the proper order may be entered.