## In re SCHEFFLER.*
### No. 18377.

District Court, W. D. New York.
May 10, 1932.

Levant D. Lester, of Lancaster, N. Y., for petitioner.

Kennedy & Chamberlin, of Buffalo, N. Y., for judgment creditor.

KNIGHT, District Judge.

The petitioner was adjudicated bankrupt on the 11th day of April, 1931, his schedule setting forth as his sole liability a judgment of the City Court of Buffalo, docketed on the 27th day of November, 1931, in favor of the Metropolitan Commercial Corporation in the amount of $863.15. His assets, other than those exempt, were valued at $50. On the

30th day of March, 1932, a garnishee execution issued out of the above-named court against the wages of the petitioner, who now moves for an order staying the execution thereof until the question of his discharge is determined or the time to apply therefor has expired.

■ Such a motion may be granted, provided the debt is dischargeable; otherwise the execution of the garnishee is not to be interfered with. In re Lusch (D. C.) 251 F. 316; In re Kalk (D. C.) 270 F. 627. The creditor opposes the granting of the motion on the ground that the judgment is not dischargeable in bankruptcy because the complaint was drawn under section 826 of the Civil Practice Act of the state of New York, alleging fraudulent representation in writing on the part of the bankrupt by which said creditor was induced to part with its property when purchasing a note executed by bankrupt.

■ Subsequent to the entry of judgment, at the solicitation of the plaintiff creditor and without notice to the defendant debtor, the judgment was amended by the addition of the following: "December 30, 1931. I find that the incidental allegations of fraud are sustained and that the plaintiff is entitled to a body execution. Harry L. Neuse, J. C. C." On appeal to the Supreme Court, Justice Noonan ruled that the amendment was improperly made and should be stricken out but the judgment allowed to stand. 143 Misc. 359, 256 N. Y. S. 473. He further ruled that it was improper as a matter of pleading to include allegations of fraud in the complaint, and that the cause of action was one to recover on a simple contract. The bankrupt claims that, by reason of this holding, the judgment is one on a contract and not tainted by fraud. Section 826 of the Civil Practice Act provides that "a defendant may be arrested in an action, * * * upon contract, express or implied, * * * where it is alleged in the complaint that the defendant was guilty of a fraud in contracting or incurring the liability * * *; but where such allegation is made, the plaintiff cannot recover unless he proves the fraud

on the trial of the action." In Lehman v. Mayer, 68 App. Div. 12, 74 N. Y. S. 194, 196, the fact that plaintiff recovered a judgment was held sufficient to show that the allegations of fraud had been proved. It was there said: "In the case at bar the complaint contains these allegations which would have authorized an order of arrest, and the decision and judgment established the fact that they were proved upon the trial. If they had not been proved, the plaintiff could not have recovered. * * *" Applying the same reasoning here, the judgment for plaintiff established the fraud of defendant by false representation, since that was the fraud alleged and that judgment was upheld by Justice Noonan on the appeal. It therefore follows that the liability is one for obtaining property by false pretenses or false representation, and not dischargeable. A similar finding was made in Re Stark (D. C.) 50 F.(2d) 260.

■ The same decision may be reached under section 14b (3) of the Bankruptcy Act (11 USCA § 32(b)(3); the petitioner not being entitled to a discharge, inasmuch as it is evident that he had obtained money or property on credit upon material false statement in writing, made by him to some person for the purpose of obtaining credit from such person. By the debtor's own verified statements in his answer in the action in City Court he signed the papers with the intent that they should be used by Schier to secure a car for display purposes from the Nash Motor Company, and that the reason he did so was that Schier's credit was not good and he could not secure such car on the basis thereof. Under the decision in Re Aldridge (D. C.) 168 F. 93, it is not necessary that the property should have been obtained for the bankrupt himself or for his benefit, but, if it was obtained on his credit as principal or surety, and such credit was induced by his material false statement in writing made for the purpose, the case is within the statute.

Since the debt is not one which is dischargeable, and furthermore the bankrupt cannot be granted a discharge, the garnishee will not be stayed by this court.