## In re SCHEFFLER.
### No. 18377.

District Court, W. D. New York.
Jan. 13, 1933.

Kennedy & Chamberlin, of Buffalo, N. Y., for judgment creditor.

Levant D. Lester, of Lancaster, N. Y., for bankrupt.

KNIGHT, District Judge.

This court heretofore rendered its decision holding that judgment creditor's claim is not dischargeable in bankruptcy and that proceedings upon a garnishee execution herein should not be restrained. 1 F. Supp. 582. Counsel for the bankrupt has asked for a reconsideration of the case, and, with the consent of the judgment creditor, has submitted a brief as and for an argument upon a rehearing.

I find no reason for changing the opinion heretofore expressed. The principal point made by counsel for bankrupt upon the reargument is that the exclusion by the trial court of proof of conversations of bankrupt with Schier, third party, not in the presence of creditor and prior to the negotiation of the note and contract in question, is proof that the action was treated and decided by the trial court on the theory that it was an action on contract. For different reasons I do not think this position is tenable. Though the indorsement by the trial court made subsequent to the trial was ordered stricken from the record on appeal to the Supreme Court, the fact remains that it is evident the trial court considered that the action was based on fraud. In such indorsement the trial judge states: "I find that the incidental allegations of fraud are sustained and the plaintiff is entitled to a body execution."

It is claimed that this proof was competent to show there was no intention to defraud. The offer of such proof indicates that the defendant was seeking to meet an issue of fraud. I think the trial court properly excluded the conversation in question. It was clearly hearsay. The matters sought to be brought out in this conversation are, in effect, not in dispute and are substantially proved by testimony in the case. Defendant testified as to the purpose for which the note was given; that it was signed in blank; and he knew nothing of its contents. Vide: Waterman v. Whitney, 11 N. Y. 157, 62 Am. Dec. 71; Seymour v. Wilson, 14 N. Y. 567; Stephens v. Vroman, 16 N. Y. 381; Hubbard v. Brown, 35 App. Div. 254, 54 N. Y. S. 749; 22 C. J. 281.

I have before me and have considered upon this reargument the record of the trial on which the judgment in question was based. As heretofore asserted by me, it is my opinion that under this complaint the plaintiff was entitled to prove fraud and that such fraud, if proved, entitled the plaintiff to a body execution without order of the court, and

222

from such fraud arises a liability not dischargeable in bankruptcy.

The question of intent is a question for the trial court and that was decided adversely to defendant in the action. It appears without dispute that the bankrupt did sign a note including therein, over his own signature, the recital that he had purchased a certain automobile and that he had paid to the seller upon said purchase the sum of $654 and that there was unpaid thereon $1,184.90. These representations were wholly untrue. Defendant had purchased no car. He had paid no sum upon any car. There was no car to which the conditional sales contract attached. The judgment creditor was an innocent purchaser for value before maturity. Under such a statement of conceded facts, together with the other evidence in the case, the court reasonably could find fraud on the part of defendant.