Irving H. Saypol, J.
The plaintiff seeks reargument of the decision of December 11,1956 denying a body execution against the defendant Sina C. Beller. The error charged to the court is *1047 said to be its misplaced reliance on section 818 of the Civil Practice Act, which provides that no order of arrest may be granted after final judgment except as authorized by statute.
The plaintiffs arrived in this country and by 1955 they were already asserting in two lawsuits that they had been fleeced of over $70,000. In this action they sued eight individuals and a corporation alleging that they had parted with $60,000 to be used for profitable, quick-turnover transactions in diamonds. The evidence of the investment is a three-line written statement by one of the eight on his corporate letterhead that he personally owed the plaintiffs $60,000. The illusion turned out to be delusion. The eight-page complaint in 20 paragraphs which followed speaks vaguely of omnibus fraud and misrepresentation but only on information and belief. There is no specific and no competent allegation of fraud stated against the defendant here involved. Whether it states such a case or not, it never came to trial. On December 21, 1955 the case was settled and the terms reduced to a detailed stipulation of 10 typewritten pages. Beller and another agreed to pay $13,333.33 in instalments by payments of $10,000 within two weeks and the balance of $3,333 in monthly instalments evidenced by promissory notes. They defaulted on a payment of $150 due on July 27, 1956. The settlement agreement contained an acceleration clause. On October 4, 1956 pursuant to an order on motion judgment according to the stipulation was entered against both for $17,579.96. The motion for body execution against Beller alone followed. The plaintiff said $6,379.96 is the unpaid balance for which the body execution was sought in an action to recover money obtained by fraud and deceit. The opposing defendant who had defaulted on the motion for judgment here tells a sad story about business reverses and such and says the unpaid balance is $2,133.37 and recounts his lawyer’s advice about the inadequacy of the allegations of the complaint to make a case of fraud so that there is no support in law for execution against the person.
The fraud alleged on information and belief and without factual specification in the complaint has never been proved, certainly not against Beller. The stipulation of settlement was silent as to the cause of action and paragraph 1 recites the agreement of the parties that there is $50,000 due from all the defendants to the plaintiff which they agree in paragraph 2 to settle on payment of $40,000 by all the defendants according to the terms of the stipulation, viz., by down payments respectively and instalments evidenced by promissory notes. Besides the strong doubt that the action is in fraud, but only for money had and received or simply breach of contract (Metropolitan Commercial *1048 Corp. v. Scheffler, 143 Misc. 359, 360, affd. 241 App. Div. 917) the settlement concludes the point against the plaintiff because the stipulation makes no express reservation of any right to body execution in the event of default.
The application for reargument will be denied. There was no error■ — the right to execution against the person (Civ. Prac. Act, § 764) depends upon the right to an order of arrest (Civ. Prac. Act, § 826) only as authorized by statute (Civ. Prac. Act, § 818). Having settled before trial without establishing the doubtful allegations of fraud there remains no basis for bringing the case within any of the subdivisions of section 826 of the Civil Practice Act; in fact, the category into which this case might be fitted expressly requires that the fraud be established at trial (Civ. Prac. Act, § 826, subd. 9). Furthermore, in discretion I cannot do so in good conscience (cf. Rotwein on Pleading and Practice, § 248). There is a continuing and growing formidable body of opinion (see Record of Association of Bar of City of New York, Yol. 11, No. 7, Oct., 1956, p. 402 et seq.) looking to abolition of the remedy of civil arrest for debt. The application for reargument is refused.