Oscar Murov, J.
Plaintiffs move for an order pending the trial of this action “ enjoining the transfer, sale, pledge, assignment and the mating or spaying of Kinvarra Irish Mist (referred to as ‘Misty’), a pedigreed, registered female Irish setter.” Plaintiffs’ complaint alleges “ the chattel is unique ” and asks the return of the animal. Defendants in their answer and affidavit submitted in opposition to this application completely deny the allegations of the complaint and the assertions made by the plaintiffs in their moving papers.
The movants claim that during November, 1965 they placed an ad in their local publication, The Pennysaver, offering the aforementioned female Irish setter for sale; that the defendants responded and were asked a price of $200; that during the course of the conversation the defendants replied that they could not pay for the dog; that they had a large parcel of property (one and one-half acres); that they loved dogs and could provide the animal with an excellent home. The plaintiffs further aver that their prime objective was a good home for ‘ ‘ Misty ’ ’; that they were impressed with the defendants and subsequently the dog was given to the defendants without monetary consideration despite the fact ‘ ‘ that they had been offered the sum of $75 from another party, but they were not assured ‘ Misty ’ would have a good home.” Plaintiffs allege that the gift of “ Misty ” was conditioned on the following terms:
“ (a) That Misty would have a good home, (b) That she would not be mated, (c) That they did not intend to show her in any dog show, (d) That the defendants would keep the dog as a household pet and provide an adequate space to run. ’ ’ Plaintiffs contend that the defendants have violated these conditions in that they did not provide “ Misty” with a good home; that they did not fence in all the sides of their property as they had agreed upon so that ‘ ‘ Misty ’ ’ would have an area in which to run and exercise and “instead and at the present time she is tethered to a short clothesline rope and is not getting the proper exercise or care”; that they also observed “ that Misty’s coat had not been brushed or cared for as defendants agreed to do and the dog has become thin and shaggy,” and, in addition thereto, the defendants stated that they intended *852 to breed Misty and to spay her after the first litter. Plaintiffs finally swear that they made a demand upon the defendants to return the dog in view of the violations in the terms and conditions of the gift.
The first question presented, “Does the district court have the power to grant an enjoining or restraining order in an action to recover a chattel where the chattel is unique ? ’ ’
It is the general rule that inter vivos gifts are irrevocable. In compelling circumstances, however, the court’s equity powers may be exercised. ‘ ‘ Where an executed gift has been made, an action to recover the thing given ordinarily does not lie, but this is not a totally inflexible principle; a donee is not beyond the reach of a court’s equity powers. Thus, revocation is permissible in the case of a valid conditional gift when the donee has failed to comply with the condition.” (25 N. Y. Jur., Gifts, § 48, p.196.)
This court pursuant to its general jurisdiction of an action to recover a chattel also has jurisdiction to determine the right to possession of the chattel and award a finding of possession to the person entitled thereto. As an incident to this jurisdiction this court also has authority to revoke the conditional gift within the purview of section 212 of the UDCA. ‘ ‘ In the exercise of its jurisdiction the court shall have all of the powers that the supreme court would have in like actions and proceedings.” The authority for the temporary restraining order is set forth in CPLR 7109 (subd. [a]) with respect to unique chattels. ‘ ‘ Where the chattel is unique, the court may grant a preliminary injunction or temporary restraining order that the chattel shall not be removed from the state, transferred, sold, pledged, assigned or otherwise disposed of until the further order of the court.”
This court holds that the District Court has the authority to grant an enjoining or restraining order in an action to recover a unique chattel.
It should be noted that the restraining or injunctive order of the court is not a separate provisional remedy but merely an adjunct to replevin, employed to insure compliance with the dispositive provisions of the order or judgment.
The second question presented, “ Is a dog a unique chattel? ”
Black’s Law Dictionary defines a chattel as “an article of personal property; any species of property not amounting to a freehold or fee in land * * * A thing personal and movable.” The word unique, it is said, is not capable of exact or precise definition and depends a great deal on the circumstances and conditions in which it is applied.
*853 While at common law dogs were considered to be property of an inferior sort, the modern conception is that they are domestic animals and as such are clearly the subject of property or ownership. There is no need to dwell upon the value of dogs to mankind, the seeing-eye dog to the blind, the dogs used in warfare, to carry food and messages under fire and through the most hazardous conditions, those canines used to detect criminals, lost persons and to protect our property and, most importantly, the companionship they afford human beings, whether sick or well, young or old.
Lord Byron in his “ Inscription on the Monument of a Newfoundland Dog ” attests to the undisputed value of a dog when he says: “ The poor dog, in life the firmest friend, The first to welcome, foremost to defend.”
In this court’s opinion there can be little question that a dog, particularly the Irish setter in this dispute, is a unique chattel.
Without passing upon the merits of the respective claims of the parties, it would be a Pyrrhic victory if plaintiffs prevailed and “Misty” was not available to effectuate a redelivery to the plaintiffs.
The court fully appreciates the anxiety on the part of the litigants awaiting the trial, and accordingly grants the application only to the extent that the defendants be enjoined from removing “ Misty” from the State of New York or selling or otherwise disposing of said animal until the further order of this court on the condition that the plaintiffs notice this matter for trial within five days from entry of an order to be submitted on notice and upon the filing of such notice of trial this matter shall be granted a preference so that the dispute herein may be determined at the earliest time; otherwise the motion is denied.