■ CAROL HALPERIN, Respondent, v DAVID HALPERIN, Appellant. [650 NYS2d 561] —Order, Supreme Court, New York County (David Saxe, J.), entered October 17, 1995, which granted plaintiff's motion for pendente lite relief to the extent of awarding plaintiff, *inter alia*, $475 per week tax free temporary maintenance, directing defendant to pay the mortgage, taxes, insurance and utilities on the marital home and to maintain medical and dental insurance and reimburse plaintiff's unreimbursed medical and dental expenses, and to pay $25,000 interim counsel fees, unanimously affirmed, with costs.

In making the temporary maintenance award, the motion court properly considered and balanced the respective income and financial situation of the parties, their age, health, necessities and obligations, the nature and duration of the marriage, the present and future capacity of plaintiff to be self-supporting, the standard of living during the marriage, the tax consequences to the parties, and the income which the parties are capable of earning by honest efforts (Domestic Relations Law § 236 [B] [6]; *Baker v Baker*, 120 AD2d 374, 375). The award of interim counsel fees is necessary to enable plaintiff to proceed with the case and reflects the circumstances of the respective parties (Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881). The appropriate remedy for any perceived inequity in a pendente lite award is a prompt trial where the facts may be examined in far greater detail and where a more accurate appraisal of the financial situation of the parties may be obtained (*Moshy v Moshy*, 227 AD2d 182). Concur—Ellerin, J. P., Wallach, Kupferman, Nardelli and Tom, JJ.