OPINION OF THE COURT
Marjory D. Fields, J.
Plaintiff moved by order to show cause, dated April 5, 2002, for a stay of the pendente lite decision and order, entered March 28, 2002, directing plaintiff to turn over the parties’ dog, a five-year-old chocolate labrador retriever, to defendant and for reargument of the order directing plaintiff to pay spousal support.
*548 Defendant cross-moved to enforce specific provisions of the pendente lite decision and order. Both parties submitted reply affidavits.
The original return date of the motion was May 23, 2002. It was adjourned on request of both counsel and was submitted on June 10, 2002.
CPLR 2221 affords a party an opportunity to establish that the court either misapprehended or overlooked relevant facts in its decision or misapplied the law in rendering such decision. (Foley v Roche, 68 AD2d 558 [1st Dept 1979].) Plaintiff’s application for reargument is granted. The court adheres to its original decision. Defendant is to have temporary possession of the dog. Plaintiff’s support obligations to defendant will remain the same.
Plaintiff is directed to pay for defendant’s telephone service and to restore and to pay for defendant’s long distance telephone service; plaintiff and his agents are precluded from entering the Florida residence without defendant’s prior, written consent; plaintiff will pay to defendant the amount of $690.63 in support arrears; plaintiff will pay for all expenses related to the Florida residence including all routine repairs thereto; plaintiff is to forward defendant’s mail, if any, to defendant at their Florida residence, or to another address defendant designates in writing. Defendant acknowledges that plaintiff has returned her clothing and her mail that he received prior to the final submission of this motion.
It is undisputed that the dog was an interspousal gift and, therefore, that it is marital property. The Appellate Division stay of the transfer of possession of the dog pending hearing and determination of the appeal was vacated on June 6, 2002.
Defendant argues that the dog was a 35th birthday gift to her from plaintiff and that she always cared for the dog. Defendant asserts that plaintiff worked and traveled while she remained at home. Defendant asserts that she was forced to leave their New York City residence for their Florida residence without the dog because plaintiff denied her entry to their New York City residence. Defendant claims that plaintiff kept the dog’s whereabouts from her at that time. Defendant alleges that plaintiff’s attorneys advised her attorneys that the dog was in a boarding kennel (defendant’s affidavit in the underlying pendente lite application, dated Dec. 18, 2001, if 60), and that plaintiff is using possession of the dog as punishment. (Affirmation in opposition and in support of cross motion, dated May 20, 2002, if 17.)
*549 Plaintiff argues that the transfer of possession of the dog to defendant is an impermissible prejudgment distribution of marital property and that chattel, in this case the dog, should remain undisturbed pending trial. Plaintiff argues that the dog is “no different than [sic] a sofa, home or bank account.” (Affirmation in support, dated Apr. 4, 2002, 6.) Plaintiff opposes distribution of this marital asset although he asserts no money value for the dog. Neither does plaintiff assert that the dog is income producing property, nor a durable asset that will increase in value. Finally, plaintiff alleges no reason that a credit for the dollar value of the dog against a possible distributive award or division of other tangible marital property cannot compensate him for a temporary transfer of the dog to defendant.
Domestic Relations Law § 234 confers broad discretion to award possession of property pending final judgment, whether separate or marital. (See Leibowits v Leibowits, 93 AD2d 535 [2d Dept 1983].) The first sentence of Domestic Relations Law § 234 (2) authorizes the court to direct possession of property as in the court’s discretion justice requires having due regard to the circumstances of the case and of the respective parties. The second sentence of the statute provides that any such direction concerning possession may be made by final judgment or by orders before or after final judgment. Under the statute, issues of possession are committed to the court’s discretion. (See Scheinkman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law 234:3.) The court may, under Domestic Relations Law § 234, award possession of every kind of property to a party including television sets, furniture, washing machines and automobiles. See Troiano v Troiano (87 AD2d 588 [2d Dept 1982]) where the Court gave exclusive use and possession of an automobile to the nontitled spouse pending final judgment.
The cases cited by plaintiff are inapposite. ATM ONE v Albano (2001 NY Slip Op 50103 [U] [Nassau Dist Ct] [concerning a lease which prohibits dogs in an apartment building]), Saunders v Regeer (50 Misc 2d 850 [Suffolk Dist Ct 1966] [concerning the sale of a dog]), and Merriam v Johnson (116 App Div 336 [1st Dept 1906] [an action in replevin to recover a dog]) tell us that a dog is chattel, a legal issue not disputed here.
The court, in its discretion as justice requires and having given due regard to the circumstances of the case and of the respective parties, adheres to its award of temporary possession of the parties’ dog to defendant pending final judgment. The *550 determination of the final distributive award of the dog will be made at trial. A credit for any proven value of the dog could be made at that time. The court notes that the time and money expended litigating this issue could have been used to negotiate and fund a settlement.
The parties were married in 1995 and there are no children of the marriage. Plaintiff is 66 years old and defendant is 40 years old. Plaintiff, a former corporate vice-president, reported good health in his statement of net worth (SNW). Defendant stated that she is suffering from mental illness and cannot work. It is uncontested that defendant has not been gainfully employed since 1996 and that plaintiff had income of $637,299 in 1999 and $928,020 in 2000, and then retired in 2001. Plaintiffs SNW, dated October 31, 2001, avers a net worth of $4,061,429.
While plaintiff denies that the parties enjoyed a luxurious lifestyle, insisting that it was merely a comfortable lifestyle, it is undisputed that the parties enjoyed residences in Sutton Place, New York City, in East Hampton, New York, and in Palm Beach, Florida, membership in several exclusive social/ country clubs, and that the parties traveled and dined out.
The principles guiding an award of temporary spousal support require consideration and balancing of the factors enumerated in Domestic Relations Law § 236 (B) (6), such as the financial status of the respective parties, their age, health, necessities and obligations, the nature and duration of the marriage, the present and future capacity of each of the parties to be self-supporting, the tax consequences to the parties and the income which the parties are capable of earning by honest efforts. (Halperin v Halperin, 234 AD2d 59 [1st Dept 1996].) Moreover, the court also considers the standard of living established during the marriage. (Hartog v Hartog, 85 NY2d 36 [1995].)
Although defendant worked for a short time after the marriage, she earned significantly less income than plaintiff and she has been unemployed since 1996. Defendant’s expenses are based on her anticipated return to New York City from Florida and, therefore, include an amount for rent in New York City. These facts support a tax-free temporary spousal support award of $7,000 per month.
Plaintiff complains that defendant’s telephone charges are excessive and insists that defendant should be responsible for her long distance calls. Plaintiff denies that he has discontinued defendant’s long distance service. Plaintiff specifically com *551 plains about a single charge for “Psychic Information Services” which defendant avers was deleted from her bill by the telephone company because of the number of complaints received. Defendant avers that her long distance charges are reasonable and reflect that almost all of her family, friends and counsel are in New York. Defendant asserts, correctly, that the court took this into account when fashioning the pendente lite order.
There is disagreement regarding whether defendant has long distance telephone service. Plaintiff is directed to comply with the pendente lite order directing him to pay defendant’s telephone charges, and to cooperate with the restoration of defendant’s long distance service if it was interrupted.
It is undisputed that plaintiff’s agents entered defendant’s Florida residence when she was in New York City for a conference before this court. The parties agreed, on December 3, 2001, that defendant would have exclusive use and occupancy of the Florida residence. Thus, plaintiff and his agents are precluded from entering the Florida residence without defendant’s prior written consent.
Defendant complains that plaintiff refuses to pay for repairs to the interior walls caused by damage to the roof. Plaintiff avers that he had paid for all repairs for the Florida residence. Plaintiff is to comply with the pendente lite order directing him to pay for the normal expenses of the Florida residence, including repairs, and is directed to pay any outstanding repair bills.
Plaintiff complains that he should not have to pay defendant’s hotel bill arising from her stay in New York City in connection with her examination by plaintiff’s mental health expert, Dr. David Wolizky. Plaintiff avers that defendant did not stay in the hotel where he arranged for her to stay. Defendant avers that the $690.63 represents the shortfall in her actual accommodation expenses and admits that she did not stay at the hotel where plaintiff had arranged for her to stay. Plaintiff will pay defendant the sum of $690.63, subject to possible reallocation at trial.
Defendant avers that plaintiff made her clothing and mail available to her prior to the submission of this motion. Plaintiff will, however, be directed to forward all of defendant’s mail he may in the future receive to defendant’s Florida residence or another address defendant designates in writing.
Wherefore, it is hereby ordered that plaintiff is directed to make the location and circumstances of the parties’ chocolate *552 labrador retriever dog known to defendant’s attorneys forthwith upon receipt of this decision and order and to make the dog, with his license tags, leash and collar, available for retrieval by defendant within five days of defendant’s written demand; and it is further ordered that plaintiff is directed to pay for defendant’s telephone service and to restore and pay for defendant’s long distance telephone service; and it is further ordered that plaintiff and his agents are precluded from entering the parties’ Florida residence without defendant’s prior written consent to enter the premises; and it is further ordered that plaintiff is directed to pay defendant $690.63 on or before August 16, 2002, in support arrears; and it is further ordered that if plaintiff fails to pay $690.63 to defendant on or before August 16, 2002, the Clerk of the County of New York is directed to enter judgment in favor of defendant and against plaintiff in the amount of $690.63, together with interest at the statutory rate from May 20, 2002; and it is further ordered that plaintiff is directed to pay for all normal repairs to the parties’ Florida residence; and it is further ordered that plaintiff is directed to forward defendant’s mail to defendant at the parties’ Florida residence, or to another address defendant designates in writing; and it is further ordered that any relief not specially granted herein is denied.