CATHERINE COX, as Executrix of EDWARD P. McGRATH, Deceased, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 30169.)

CATHERINE COX, as Executrix of EDWARD P. McGRATH, Deceased, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 30168.)

Court of Claims, June 3, 1952.

*Harry O. Lee* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*David Marcus* of counsel), for defendant.

Young, J. Mary McGrath was injured while an inmate of the Hudson River State Hospital, a mental institution owned and operated by the State of New York. The State denies having any knowledge of how the injury occurred. The claimant alleges Mary McGrath was assaulted by another inmate, one Helen Lantz, who has since died.

The basis of the claimant's allegation is an entry in the record of the hospital, on a sheet entitled " Accident and Injury Report ", which reads in part as follows, " Patient, Helen Lantz, stated that patient, McGrath, has come into her room on various occasions and pulled the bedding and dresser drawers to pieces, so that when she came in this time (Nov. 19th) she told patient, McGrath, to get out and gave her a little push on the arm, and patient fell to the floor.'' There are other entries in the hospital record concerning this occurrence but they are simply paraphrases of the account in the accident report.

It is conceded that the participants were the only witnesses of the events and that the persons making the entries in the hospital record received the information from attendants on the ward who in turn received theirs from the incompetent, Helen Lantz.

The State objected to the admission of those portions of the hospital record describing how the injury occurred, arguing that they were not made in the course of the hospital's business and are pure hearsay. The court reserved decision.

The evidence is admissible both as an entry made in the regular course of business under the authority of section 374-a of the Civil Practice Act and as an admission by a party against its own interest of a fact material to the issue.

Section 374-a provides for the admission into evidence of any record which the trial judge shall find was made in the regular course of business within a reasonable time after its occurrence. While many hospital records have been admitted into evidence under the authority of this section, not all have. Portions of hospital records have been ruled out where they have referred to matters, generally of hearsay, which have occurred outside and away from the hospital and which had nothing whatever to do with the nursing and maintenance of the patient in the hospital. (*Constantinides* v. *Manhattan Transit Co.*, 264 App. Div. 147.)

In the case at bar the accident itself occurred in the hospital and, of course, occurred in the course of the hospital's care and maintenance of the incompetent patient. Thus it would seem

to form a very important and integral part of the record of such care, treatment and maintenance. The injury was an incident of the patient's hospitalization. Hence the record of it and of the manner of its occurrence as made was a part and parcel of the hospital's business.

This the State has recognized to be so. Subdivision 9 of section 34 of the Mental Hygiene Law requires the director of State institutions to keep certain records. Among its provisions it directs that the director shall "make or cause to be made entries from time to time of the mental state, bodily condition and medical treatment of such patient during the time such patient remains under his care ".

These directions are further amplified by the instructions printed on the accident and injury report. " (In making report state mental and physical condition and usual behavior of patient; *hour and date of accident or injury*; time when patient was examined by physician; physician's findings; cause of accident or injury, with names of persons responsible therefor; names of witnesses; treatment; names of relatives, friends or committee, if any, who have been notified.) ".

The persons making the entries in the hospital record were merely fulfilling the duty imposed upon them by the State and hence the entries are admissible as being in the usual course of business. As provided specifically by section 374-a, the fact that the persons making the entries had no personal knowledge of the occurrence goes to the weight and not to the admissibility of the evidence.

The persons making the entries were agents of the hospital and of the State and the records in question were authoritatively made. It follows that the report of how the injury occurred as given in those records is competent evidence of the fact so recorded. The record thus made is an admission made by the party, the State, out of court. (*Reed* v. *McCord,* 160 N. Y. 330; *Anthus* v. *Rail Joint Co.,* 193 App. Div. 571, affd. 231 N. Y. 557.) The admissibility into evidence of the statement of the person making the entry in the hospital record is not affected by his lack of personal knowledge for, as it is put in the *Anthus* case (*supra,* p. 572): " the law does not distinguish for the purposes of admissibility and relevancy between hearsay statements based on knowledge and hearsay statements based on other hearsay ".

While the court appreciates that what is admitted into evidence is but the version of an incompetent, Helen Lantz, as to the happening of the accident, the sole fact that she was adjudged incompetent does not, standing alone, affect her credibility. (See *Aguilar* v. *State of New York,* 279 App. Div. 103.)

Awards are made in accompanying decisions.