CATHERINE COX, as Executrix of EDWARD P. MCGRATH, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 30169.) CATHERINE COX, as Executrix of EDWARD P. MCGRATH, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 30168.) — Appeal from judgments of the Court of Claims, entered June 19, 1952, in favor of the claimant and against the State in each action. The actions grow out of personal injuries suffered by Mary McGrath, an incompetent, while she was confined in the Hudson River State Hospital. The claim alleged that on November 19, 1949, while Mary McGrath was an inmate of the hospital, "she was pushed, struck and assaulted by another inmate" causing her to fall and sustain severe injuries, principally a fracture of the right femur. The incompetent died shortly·thereafter but there is no claim that her death was caused by the injury. The alleged assailant also died before the trial of this action. The negligence charged against the State is the failure to furnish adequate supervision of the incompetent, in view of her irritable behavior and disturbed tendencies. Whether the supervision was adequate presented a fair question of fact upon which a decision in favor of the claimant might be sustained. The crucial question upon this appeal arises from the admission into evidence of certain hospital records, purporting to show how the incompetent was injured. Apart from any inferences which might be drawn from the situation in which the incompetent was found immediately after the suffering of the injury, the claimant relied principally, for proof of the manner in which the injury was sustained, upon an accident report contained in the hospital record, to the effect that: "Patient Helen Lantz stated that patient McGrath has come into her room on various occasions and pulled the bedding and dresser drawers to pieces, so that when she came in this time, November 19th, she told patient McGrath to get out and gave her a little push on the arm, and patient fell to the floor." The Court of Claims Judge held that this record was admissible, in part upon the ground that it was an entry made in the regular course of business (Civ. Prac. Act. § 374-a) and in part upon the ground that it constituted an admission by the State against its interest. The admissibility of the record cannot be sustained upon either ground. Section 374-a does not authorize the receipt into evidence of records giving the version of third persons as to the manner in which an accident occurred. Such extrajudicial statements, not subject to cross-examination, were barred by the hearsay rule, prior to the enactment of section 374-a, and section 374-a was not intended to override that rule with respect to such statements (*People* v. *Kohlmeyer,* 284 N. Y. 366, 369; *Johnson* v. *Lutz,* 253 N. Y. 124; *People* v. *Samuels,* 302 N. Y. 163, 171; *Del Re* v. *City of New York,* 180 Misc. 525; *Palmer* v. *Hoffman,* 318 U. S. 109). Neither the original report of the statement by the patient Helen

Lantz nor the other entries by the State hospital employees paraphrasing Mrs. Lantz' statement, constituted an admission by the State of the truthfulness or accuracy of the patient's statement. The notations in the records constituted, at most, an admission that the patient had made the statement attributed to her but they did not constitute an admission by the State of the factual correctness of the contents of the patient's statement. This was clearly pointed out by the Court of Appeals in *Reed* v. *McCord* (160 N. Y. 330, 341) the authority principally relied upon by the claimant: "If he had merely admitted that he heard that the accident occurred in the manner stated, it would have been inadmissible as then it would only have amounted to an admission that he had heard the statement which he repeated and not to an admission of the facts included in it. That would have been in no sense an admission of any fact pertinent to the issue, but a mere admission of what he had heard without adoption or indorsement. Such evidence is clearly inadmissible." Judgments appealed from reversed on the law and the facts and a new trial is granted, with costs to abide the event. Foster, P. J., Coon, Halpern and Imrie, JJ., concur; Bergan, J., taking no part. [202 Misc. 870.] [See *post,* pp. 846, 912.]