CATHERINE COX, as Executrix of EDWARD P. McGRATH, Deceased Administrator of the Estate of MARY McGRATH, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 30169.)

CATHERINE COX, as Executrix of EDWARD P. McGRATH, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 30168.)

Third Department, July 7, 1955.

*Jacob K. Javits, Attorney-General (John R. Davison* and *Henry S. Manley* of counsel), for appellant.

*Harry O. Lee* for respondents.

*Per Curiam.* These cases were before us on a prior appeal. We there held that the issue of whether the supervision of the deceased incompetent was adequate, presented a fair question of fact, and that the crucial question on the appeal arose from the admission into evidence of an accident report, based upon hearsay, and which was a part of the hospital records. We also held that such report was inadmissible either on the ground that it was made in the regular course of business (Civ. Prac. Act,

§ 374-a), or upon the ground that it constituted an admission by the State, and sent the claims back for another trial (282 App. Div. 815).

On the second trial of these claims no additional proof was taken, and the claims were submitted on the previous record. On these submissions the court below did not rely on the accident report mentioned, but did rely upon another hospital record which reads as follows: " 11–19–49–3/10 p.m.— Pt. Helen Lantz pushed pt. M. McGrath to the floor, striking right side, placed in bed, notified Dr. Schwartz and seen by Dr. Schwartz and Dr. Bostika — B. L. D.''

This entry was made by a female staff attendant who was in charge of the ward where the incompetent was confined. The court below held that the entry was made by her in the course of her employment, was binding on the State and constituted an admission of fact.

We are constrained to the belief that this ruling was erroneous. It is conceded that the entry was made upon hearsay and not upon personal knowledge. No employee of the State was present when the incompetent was injured, and it is clear that no member of hospital staff had authority to bind the State by admissions based on hearsay. This would also apply to the statement attributed to Dr. Schwartz. Hence there is an absence of competent evidence to sustain a finding that the incompetent was injured as the result of an assault. Lacking that evidence the claims must fall. Without proof of an assault there is no basis for a holding that the incompetent did not receive adequate care and treatment.

The judgments should be reversed and claims dismissed, without costs.

Foster, P. J., Coon, Imrie and Zeller, JJ., concur; Bergan, J., not voting.

Judgments reversed, on the law, and claims dismissed, without costs.