Benjamin Roden, an Incompetent, by His Guardian ad Litem, Rose Roden, Claimant, *v.* State of New York, Defendant. (Claim No. 32617.)

Court of Claims, December 5, 1955.

*M. Herman Mandel* and *Erwin Greenberg* for claimant.

*Jacob K. Javits, Attorney-General* (*David Paley* of counsel), for defendant.

Sylvester, J. The claimant, a patient at Creedmoor State Hospital, brings suit against the State for injuries sustained by him at the hospital on or about April 11, 1954, due, as he alleges, to the negligence of the State in respect of his supervision and care. On that day at 4:00 P.M. the claimant was confined in a seclusion room on Ward S-10 of the institution. At 5:00 P.M. all of the patients in the ward were taken to the dining room except claimant and two others who were likewise confined in seclusion rooms. The hospital attendant Wright remained behind with the three secluded patients. The remaining attendants and patients returned to the ward from the dining room at 5:30 P.M. at which time attendant Wright completed his work for the day and went home. At 5:20 in the

morning of April 12, 1954, claimant called from his seclusion room to be let out. Attendant Cochrane, on duty at the time, opened the room and observed that claimant's chest was badly scratched and that there were marks on his face. Together with fractures of the nasal bone and rib, these injuries are claimed to have been sustained as a result of the alleged assault. The case was tried upon claimant's theory and assertion that he had been assaulted by attendant Wright who, it will be remembered, had left the building and gone home at 5:30 P.M. of the preceding day. Except for an entry in the hospital record presently to be considered, there is insufficient evidence to sustain a finding that claimant was attacked by the attendant Wright. Indeed, on the instant record, it would be pure speculation to attempt to name claimant's assailant or to account for the occurrence — or even to determine whether or not his wounds were self-inflicted. In this dilemma, counsel relies upon the testimony of a supervising psychiatrist of the institution who, referring to the hospital record, testified: " The patient stated that he had been attacked by attendant Kansas City Wright at about 5:15 or 5:20 P.M. on April 11th, 1954 in his seclusion room on Ward S-10 following supper. The patient stated that he had asked attendant Wright for a bedpan and that attendant Wright refused to give him one. The patient stated that at this time he became angry, cursed at attendant Wright, told him that Abraham Lincoln had freed his ancestors and further told him that he was being paid to take care of the patients. The patient then stated that attendant Wright opened the door to his seclusion room, punched him in the face, grabbed him by the coat and dragged him about the seclusion room, knocking him to the floor where attendant Wright then stamped on his chest with his shoes. The patient stated that following this attendant Wright brought him a towel and sent him to the night toilet to wash because his nose was bleeding." The doctor had previously asked the claimant how he had sustained his injuries and the claimant's narrative was then entered upon the hospital record.

Concededly, no employee of the State is shown to have been present when claimant was injured. It is clear, then, that the material entry was not made upon personal knowledge but was based upon mere hearsay. In these circumstances, it has been held that the entry or report of the occurrence, as well as the doctor's testimony reiterating the hearsay material, is inadmissible either upon the ground that it was made in the regular course of business (Civ. Prac. Act, § 374-a) or that it

constituted an admission by the State. (*Cox* v. *State of New York*, 286 App. Div. 322; 282 App. Div. 815 and cases there cited; see, also, discussion of the rule and its application by FULD, J. in *Williams* v. *Alexander*, 309 N. Y. 283.)

The alleged assault and the State's negligence, not having been established by competent proof, the claim is vulnerable to dismissal. The motion to dismiss must, therefore, be granted. The motion to strike out the hearsay material in the hospital record as well as the testimony of the psychiatrist reiterating the pertinent narrative is likewise granted.

Judgment accordingly. Findings have been waived, the foregoing constitutes the written and signed decision of the court (Civ. Prac. Act, § 440).