■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALFRED MANCUSO, Appellant.— Judgment unanimously reversed on the law and on the facts and a new trial ordered. During the trial the court in one instance — undoubtedly inadvertently — erroneously charged the jury with respect to the burden of proof. When the error was called to its attention in a request to charge properly, the court merely stated, "I so charge you." It would

have been desirable for the court to have recharged on the burden of proof more explicitly and not trust that the jury would get the import of counsel's request. We do not consider that this, in and of itself, is sufficient ground for a new trial. However, we are of the opinion that the admission in evidence of the escape reports, upon which in part, one of the experts based his opinion as to defendant's mental condition at the time of the crime, constituted error requiring a reversal and a new trial. These reports cannot be considered admissible under section 374-a of the Civil Practice Act. It is apparent that the information contained in the reports emanated from third persons who, themselves, got the information through hearsay. In the circumstances, the evidence was improper. (*People* v. *Samuel,* 302 N. Y. 163; *Williams* v. *Alexander,* 309 N. Y. 283; *Cox* v. *State of New York,* 282 App. Div. 815.) Inasmuch as the sole issue submitted to the jury was one of insanity, we cannot say that the admission of these reports and their use by an expert in forming an opinion, did not influence the jury. Concur — Peck, P. J., Breitel, Botein, Rabin and Valente, JJ.